*Ex parte* CAYKENDOLL.

In *December* term, 1825, of the *Orange* C. P. a cause was tried between *Caykendoll*, plaintiff, and *Van Bomel*, defendant. The action was assumpsit; and the jury found for the plaintiff, $60 damages.

Afterwards, three of the jurors made affidavit that the action was brought on a written agreement for drawing, rafting and running boards, by the plaintiff, for the defendant; that the price fixed by the contract was 9*s.* per 1000 for drawing, and 10*s.* for rafting and running; and that in calculating the sum to be allowed the plaintiff, the jury multiplied the number of boards drawn, by 19 instead of 9, which made about $60. That the jury intended to allow for the drawing only; and the deponents believed that the mistake arose from the jury reading 19 for 9, in the agreement, (which was delivered to the jury,) and supposing this was the sum fixed for drawing only; that they did not discover their mistake till the day after the verdict, when it became a subject of anxious inquiry among them how the mistake should be rectified.

On these affidavits, the C. P. granted a new trial.

The affidavits of jurors cannot be received to shew a mistake in making up their verdict; unless the mistake is produced by circumstances passing at the trial which are equivalent to a misdirection of the judge.

*In margin:*

UTICA,
Aug. 1826.

Ex parte
Caykendoll.

UTICA,
Aug. 1826.

Johnson
v.
Gay.

A motion was now made for a mandamus commanding the C. P. to vacate their rule for a new trial, and give judgment according to the verdict.

*C. Monell*, for the motion, cited 2 *T. R.* 281; 5 *Burr.* 2667.

*Curia*, per SUTHERLAND, J. The decision of the court of common pleas cannot be sustained. It is certainly well settled, that the affidavits of jurors cannot be received to shew a mistake in making up their verdict; and we never intended to detract from that rule in *Sargeant* v. ————, (5 *Cowen*, 106.) In that case, the counsel advanced an erroneous rule of damages to the jury, which was not corrected in the charge of the judge. The jury were in this way led to adopt the rule. We considered these circumstances equivalent to a positive misdirection of the judge; and allowed the affidavits of jurors to be read, shewing that they were, in fact, misled. It was impossible to make out what, in truth, operated as a misdirection of the judge, in any other way. Misdirection is a very usual ground for granting a new trial; and the case cited establishes merely, that a set of circumstances may amount to the same thing; and may be shown by the affidavits of jurors. Farther we did not mean to go; and we expressly disclaimed the idea of trenching on any of the cases which had refused to hear the affidavits of jurors. The motion must be granted.

Rule for an alternative mandamus.