## Mixer & al. versus Cook.

In a sale of chattels for ready pay, the seller may waive the condition of ready pay, and, by delivery to the purchaser, part with the property.

After such a waiver and delivery, the seller, in replevin for the goods, cannot avail himself of a fraud between the purchaser and the vendee of the purchaser.

REPLEVIN for twenty-eight barrels of starch. The trial was before SHEPLEY, C. J.

The plaintiffs formerly owned the starch. The defendant claims it under a purchase from Kimball & Coburn. The principal question was, whether a sale which the plaintiffs had made to Kimball & Coburn, passed the property from the plaintiffs. Testimony on that point was offered by both parties. The plaintiffs at one time had sued Kimball & Coburn on account for the starch, and attached it as their property.

The jury were instructed that, if satisfied the plaintiffs

were originally the owners of the starch, and that they made a contract to sell it to Kimball & Coburn for cash, that the property would not become Kimball & Coburn's without payment; unless the plaintiffs or their authorized agents waived their right to have the payment made at the time of delivery, and delivered it without requiring payment, and if they did so waive and deliver, the property would pass to Kimball & Coburn if there were no other difficulty.

The counsel for the plaintiffs contended, that there was a fraud committed upon the plaintiffs by the sale from Kimball & Coburn to the defendant. The jury were instructed *that*, as the plaintiffs did not prosecute this suit in the capacity of creditors of Kimball & Coburn, they could not present that question, and *that* the jury need not inquire respecting it, if satisfied that the property passed from the plaintiffs to Kimball & Coburn.

The jury returned a verdict for the defendant, which is to be set aside, if there was error in the instructions, or in the refusals to instruct.

*Tallman*, for plaintiffs.

There was no waiver of payment on delivery. There is no vestige of evidence of such waiver, except the bare delivery. But such delivery does not prove a waiver. 4 Kent's Com. 496, 497.

There was fraud on the part of Kimball & Coburn in obtaining the possession, and the plaintiffs are not bound by it. E. C. L. R. 146 ; 1 Hill, 201, 302 ; 6 Hill, 44 ; 21 E. C. L. R. 410.

There was error in the instruction that fraud between the defendant and Kimball & Coburn would not entitle the plaintiff to recover. There may be false representations without the use of words. If one, who had failed, obtains credit of one who supposes him solvent, the purchase is a fraud. Such a principle is vital to commercial safety. See the case of *Josselyn*, in Law Reporter of December, 1849, vol. 2. of new series.

WELLS, J. — Was this position taken at the trial ?

*Tallman.* — It was not, but it belongs to all law, and all morality.

*Mitchell* and *Barrows*, for defendant.

TENNEY, J., orally. — The jury have found that there was a sale by the plaintiffs to Kimball & Coburn, and that the stipulation for payment on delivery was waived by the plaintiffs. The plaintiffs' property in the starch had, therefore, ceased.

If they had prosecuted the suit against Kimball & Coburn, in which they attached the starch, proof of fraud between the defendant and Kimball & Coburn, might have availed the plaintiffs. But they do not now claim as creditors.

*Judgment on the verdict.*