EVELYN P. DALRYMPLE, Respondent, *v.* LEWIS WILLIAMS, Appellant, et al.

Where the foreman of a jury, by mistake, announces a verdict different from that agreed to by the jury, and the erroneous statement is taken and recorded, the court, upon application made at the same Circuit immediately after the entry of the erroneous verdict, has power to correct the record so as to make the verdict conform to the actual finding.

Affidavits of the jurors showing the mistake may be received upon such application. (FOLGER, J., dissenting.)

The rule prohibiting jurors from being heard to impeach or affect a verdict rendered by them does not apply, as the application is not to reverse their action but to establish it.

(Argued November 30, 1875; decided December 7, 1875.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, reversing an order of Special Term correcting the verdict as entered.

This action was for fraud. The foreman of the jury announced as their verdict a general verdict in favor of plaintiff against both defendants, and it was so entered. Upon application, made upon the same day to the judge holding the Circuit, on behalf of defendant Williams, an order to show cause at a day specified, during the same Circuit, why the verdict should not be corrected was granted. The application was based upon the affidavits of all the jurors stating, in substance, that the verdict as agreed upon by them was in favor of defendant Williams and against the other defendant, for the amount named in the verdict entered, and that the announcement of the foreman was made through mistake and inadvertence. The court, upon hearing under the order to show cause, directed the verdict to be amended so as to conform to the actual finding.

*Samuel Hand* for the appellant. The court at Special Term had power, upon proper proof, to amend the verdict. (Code, § 173; 2 R. S., 343; *Burhans* v. *Tibbits*, 7 How. Pr.,

21, 24, 25, 74; *Clark* v. *Richards*, 3 E. D. S., 89; *Jones* v. *Kennedy*, 11 Pick., 125; *Scott* v. *Galbrath*, 1 Dal., 134; *Cagan* v. *Eben*, 1 Burr., 383; *Clark* v. *Lamb*, 6 Pick., 512; *Wells* v. *Cox*, 1 Daly, 515.) The affidavits of jurors are competent evidence to prove a mistake in announcing the verdict actually agreed upon. (*Cagan* v. *Eben*, 1 Burr., 383; *Noah* v. *Dickenson*, 15 J. R., 309; *Sergent* v. ———, 5 Cow., 106; *Smith* v. *Cheatham*, 3 Cai., 57; *Thomas* v. *Chapman*, 45 Barb., 98; *Cochran* v. *Street*, 2 Wash., 79; *Blakley* v. *Sheldon*, 7 J. R., 32; 1 Am. Dig., 224; *Mayo* v. *Archer*, 1 Str., 514; *Jackson* v. *Dickinson*, 15 J. R., 309, 317.)

*A. M. Bingham* for the respondent. It was not proper to receive in evidence the affidavits of the jurors to impeach their verdict for mistake or error as to the merits, or to prove irregularity or misconduct. (*Clum* v. *Smith*, 5 Hill, 560; *Ex parte Cuykendall*, 6 Cow., 53; *People* v. *Col. Com. Pleas*, 1 Wend., 297; *Jackson* v. *Williamson*, 2 T. R., 281; *Mullins* v. *Christopher*, 36 Geo., 584; *Walker* v. *Comrs.*, etc., 9 Miss. [1 S. & M.], 372; *Bernard* v. *Young*, 5 Humph. [Tenn.].) Verdicts cannot be amended, upon motion, in a matter of substance. (*Warner* v. *N. Y. C. R. R. Co.*, 52 N. Y., 437; *Bemus* v. *Beekman*, 3 Wend., 667; *Brush* v. *Kohn*, 9 Bosw., 589; *U. S. T. Co.* v. *Harris*, 2 id., 72.)

Allen, J. If the fact alleged is properly before us, there should be no doubt either as to the right of the plaintiff to have or the power of the court to grant the relief demanded. It would be a reproach upon the administration of justice if a party could lose the benefit of a trial and a verdict in his favor by the mere mistake of the foreman of the jury in reporting to the court the result of the deliberations of himself and his fellows. The power of a court of record over its records, and to make them truthful, is undoubted, and has been exercised without question. (See cases cited by Judge Harris, in *Burhans* v. *Tibbits*, 7 How. Pr. Rep., 21.) The question whenever the court is asked to reform its records so

as to conform to the truth, is not as to the power, but whether a case is made calling for its exercise.

The material question here is, whether the affidavits of the jurors can be received to show the mistake. If they were properly before the court the fact alleged was clearly established and is uncontradicted, and in addition we have the fact that the judge at the Circuit was satisfied of the mistake, and that the defendant was entitled to the correction asked, else he would have denied the motion altogether or modified the relief demanded, by merely granting a new trial. It was competent to give relief in either form, and had the judge doubted as to the right or the equities of the case he would have only set the verdict aside and put the parties to a new trial.

There are reasons of public policy, why jurors should not be heard to impeach their verdicts, whether by showing their mistakes or their misconduct. Neither can they properly be permitted to declare, with a view to affect their verdict, an intent different from that actually expressed by the verdict as rendered in open court. In early times the pains and penalties visited upon jurors for false verdicts furnished an additional reason why they should not be allowed to impeach them. (*Watts* v. *Brains*, Cro. Eliz., 778.) But the rule is well established, and at this day rests upon well understood reasons of public policy as connected with the administration of justice, that the court will not receive the affidavits of jurymen to prove misconduct on their part, or any act done by them which could tend to impeach or overthrow their verdict. This rule excludes affidavits to show mistake or error of the jurors in respect to the merits, or irregularity or misconduct, or that they mistook the effect of their verdict and intended something different. (*Clum* v. *Smith*, 5 Hill, 560; *Ex parte Caykendoll*, 6 Cow., 53; *The People* v. *Columbia Common Pleas*, 1 Wend., 297; *Jackson* v. *Williamson*, 2 T. R., 281; *Davis* v. *Taylor*, 2 Chitty, 268; *Vaise* v. *Delaval*, 1 T. R., 11.) None of these decisions or the principles upon which they rest are decisive of the precise question now

presented. They only decide that the verdict to which the jurors have once assented, and which they have reported to the court, cannot be impeached or set aside upon their declaration or affidavit. But the question is quite different when the allegation is that they have been misunderstood by the court, or erroneously reported to it, and that the entry made is not and was not their verdict. It is not an attempt to reverse their action in the jury room but to establish it. It is in the nature of an attempt to correct a clerical mistake. Had the jury rendered a sealed verdict, and their clerk or scrivener made a mistake in reducing it to writing, a correction of the writing after it had reached the court and been entered upon the minutes would be no impeachment of the verdict or of the integrity, intelligence or action of the jury. The jury in furnishing proof of the clerical mistake would stand by their agreement and aid in giving effect to their deliberations and determinations. In the case now before us it is merely sought to prove by the affidavits of the jurors that by an accident, without intentional fault, the verdict of the jury was erroneously delivered to and received by the clerk. I am unable to see in this an infringement of the rule forbidding jurors to impeach their verdicts; neither can I perceive serious danger in any practice that may grow up under such an exception to the general rule. Applications of this character will be rare, will be made before the judge presiding at the trial and while the whole subject is fresh in the minds of all, and never will be granted except in cases free from reasonable doubt. Something must always be trusted to the discretion of the judge. · Discretion cannot be withheld in all cases because it may sometimes be abused. We are not without precedent to justify the reception of and acting upon the affidavits of the jurors in this case. In *Cogan* v. *Ebden* (1 Burr., 383), a verdict wrongly delivered by the foreman was set right upon the affidavit of eight of the jury. *Sargent* v. ——— (5 Cow., 106), went farther than the court was asked to go here. Affidavits of the jury were received to show that they were misled and adopted a

principle in estimating damages not allowed by law. This was defended and approved in *Ex parte Caykendoll (supra).*

In *Jackson* v. *Dickenson* (15 J. R., 309), affidavits of jurors were held admissible to show that a mistake had been made in taking their verdict, and that it was entered different from what was intended. The court draw a distinction between what transpires while the jury are deliberating on their verdict and what takes place in open court in returning their verdict, holding the statements of jurors admissible as to the latter but not as to the former. *Roberts* v. *Hughes* (7 M. & W., 399), is like the last case quoted, and affidavits of the jurors were received as to what took place in open court on the delivery of the verdict, to correct it. (See, also, *Prussel* v. *Knowles*, 4 How. [Miss.], 90.)

The affidavits were admissible, and they made a clear case for correcting the entry. It would have been unjust to send the parties down to another trial, and as the defendant was not in fault there was no reason for charging him with the costs either of the motion or of the trial.

The order of the General Term must be reversed and that of the Special Term affirmed, with costs of this appeal.

All concur; except FOLGER, J., dissenting.

Ordered accordingly.