## Case No. 12,130.
RUMFORD CHEMICAL WORKS v. FINNIE.

[2 Flip. 459; 25 Int. Rev. Rec. 209; 7 Reporter,. 742; 20 Alb. Law J. 18.] [1]

Circuit Court, W. D. Tennessee.  May 13, 1879.

NEW TRIAL — AFFIDAVITS OF JURORS — COMPUTATION OF VERDICT.

1. Affidavits of jurors are not admissible to show the mode of computation adopted by the jury to be contrary to the law and the evidence.

2. On motion for a new trial defendants offered affidavits of jurors to show the method of calculation adopted by the jury, with items of debit and credit as allowed in determining the verdict, to demonstrate that such verdict was contrary to the law as charged by the court. and unsupported by the evidence.

[Action for the infringement of a patent. On motion for a new trial, among other grounds, the defendants offered affidavits of certain of the jurors, showing the method of calculation adopted by the jury, with all the items of debit and credit as allowed in determining the verdict, to demonstrate, as they alleged, that the verdict was contrary to the law as charged by the court, and not supported by the evidence.] [2]

H. T. Ellett and Pierce & Dix, for the motion.

Geo. Gantt and McKissick & Turley, against the motion.

HAMMOND, District Judge. The jury having made a mistake in their figures, by which the verdict was rendered at one thousand dollars more than they really found. on information to the court and counsel and

---

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission. 20 Alb. Law J. 18, contains only a partial report.]

[2] [From 25 Int. Rev. Rec. 209.]

upon application of the jury, the mistake was corrected by entering a remittitur as appears by the record. The plaintiffs waived any affidavits of the jurors to show that mistake and confess it. Nevertheless, the defendants offer to prove by the affidavits the mode of calculation adopted by them to reach the verdict, (the jury having preserved their figures) in order to show as a ground for a new trial that it was contrary to the evidence, and not authorized by the charge of the court. The supreme court of the United States. in U. S. v. Reid, 12 How. [53 U. S.] 361, 366. declined to lay down any rule on the subject, and I do not find that they have since considered it. It is certainly contrary to the English cases to admit these affidavits, and it is said that Tennessee is the only state where they are admitted. "Public policy forbids the introduction of jurors' affidavits to prove anything which may have transpired in the jury room whilst consulting upon their verdict. To allow verdicts to be overthrown by the evidence of jurors would open a door for tampering with the jury, and might lead to consequences, in their operation on judicial proceedings, of every mischievous and pernicious character. To guard against such consequences, it is better the door should be at once closed against the introduction of jurors as witnesses to overturn their verdict. By the ancient law and practice the affidavits of jurors might be received to impeach their verdict; but previous to our Revolution, at least as early as 1770, the doctrine in England was distinctly ruled the other way, and has so stood ever since. It is admitted, notwithstanding a few adjudications to the contrary, that it is now well settled. both in England and, with the exception of Tennessee, perhaps in every state of the Confederacy. that such affidavits cannot be received, and, we believe, upon correct reasoning. If it were otherwise, but few verdicts could stand. It would open the widest door for endless litigation, fraud and perjury, and is condemned by the clearest principles of justice and public policy." Grah. & W. New Trials, 1429, 1430.

It is probable that this court is not bound by the Tennessee practice on this subject, but I do not place the judgment on that ground. Indianapolis & St. L. R. Co. v. Horst, 93 U. S. 291. I think the Tennessee cases, all taken together, go only to the extent of admitting affidavits of the jurors to show misconduct, such as casting lots or playing cards for their verdict; and not to the extent of attacking the judgment of the jury by showing it to be defective in the intellectual process employed in reaching the verdict. Caruth. Lawsuit, § 384; Crawford v. State. 2 Yerg. 60; Booby v. State, 4 Yerg. 111; Hudson v. State. 9 Yerg. 407; Bennett v. Baker, 1 Humph. 399; Johnson v. Perry, 2 Humph. 570; Harvey v. Jones, 3 Humph. 157; Norris v. State. Id. 333; Saunders v. Fuller, 4 Humph. 518; Fletcher v. State, 6 Humph. 256; Cochran v. State, 7 Humph. 545; Nelson v. State, 10 Humph. 518; Luster v. State, 11 Humph. 170; Lewis v. Moses. 6 Cold. 197; Galvin v. State, Id. 283; Memphis & C. R. Co. v. Pillow, 9 Heisk. 253; Wade v. Ordway, 1 Baxt. 229; Dunnaway v. State. 3 Baxt. 206. See, also, Hall v. Robinson. 25 Iowa, 91; Hovey v. Luce, 31 Me. 346; Little v. Larrabee, 2 Me. 7, and note; Jackson v. Dickenson, 15 Johns. 309; Ex parte Coykendall, 6 Cow. 53. Motion overruled.