Wheeleb, J.
— This is an action to recover for personal services rendered while the plaintiff was a director and treasurer of the defendant. The jury were directed to return a verdict for the plaintiff for such services as he rendered, if any, outside the scope of his duties as director and treasurer at the special request of the president and the rest of the board of directors, and that if they found for the plaintiff they might allow interest from the time when the services were completed. Late in the day they returned a verdict for the plaintiff for $3,500, and the court was immediately adjourned to the next day. During the next day a statement was made to the court that the jury intended to give a verdict for $3,500 with interest. On the morning of the next day after that, and on notice to defendant’s counsel to be present, and while the counsel for both parties were present, the court directed the jury to be recalled to their places, and that the verdict as recorded be read to them, and that they be asked if that was their verdict. This was done and the foreman answered that it was not, that their verdict was for $3,500 with interest. They were directed to compute the interest and agree upon the amount, which they did, and answered that it was $2,038.20, making $5,538,20, and that their verdict was for the plaintiff for that amount, which was ordered to be recorded, and the jury being interrogated separately all said that that was their *481 verdict. At the same time an affidavit of all the jurors was presented and filed staring that the verdict agreed upon was for the plaintiff for $3,500 with interest. The plaintiff now moves for judgment on the verdict for the full amount. The defendant objects to judgment on the verdict for any more than $3,500, on the ground that interest was not recoverable, and because it was not within the power' of the court to allow the verdict to be varied after it had been received and recorded. As the services were rendered on special request and to be paid for, the pay was due when they were performed and after that time was detained by the defendant against the right of the plaintiff to have it. Under these circumstances it ought to bear interest (People agt. Gasherie, 9 Johns., 71; Wood agt. Robbins, 11 Mass., 504; Burdett agt. Estey, 19 Blatch., 1). The power of the court to cause the verdict to be corrected would seem to be ample according to the law of the state of New York and the practice of its courts as settled by its highest court. In Dalrymple agt. Williams (63 N. Y., 361) the jury returned a verdict against two, when the verdict agreed upon was against one and in favor of the other, and the verdict was recorded and the jury separated. Afterwards on the same day, on the affidavit of all the jurors, the verdict was corrected and the judgment entered upon it. This course was approved. In Cogan agt. Elden (1 Burr., 383), where the issue- was as to two rights of way under which the defendant justified, the jury found for the defendant as to one, and for the plaintiff as to the other, but returned a verdict for the defendant as to both and separated. This verdict was corrected on the affidavit of the jurors. In this case there is no suspicion of any unfair conduct on the part of the jurors or any one. It was an honest mistake which, if not corrected, would prevent the finding of the jury as it actually was from being carried out. The correction is not an impeachment of the verdict by the jurors in any sense. It upholds the real verdict and prevents miscarriage in its delivery into court. The verdict as first recorded was not the real verdict of the *482 jury. If it could not be corrected it should be set aside. Heither party has moved for that.
Judgment on verdict for full amount.