JOHN KENNEDY and WILLIAM KENNEDY, Appellants, *v.* THE BALL & WOOD COMPANY, Respondent.

*Verdict — a general verdict cannot stand where special findings conflict with it — the jury may be sent back — otherwise the verdict must be set aside — affidavits of jurors used — a judgment must rest on a clear decision.*

A judgment in favor of a party should rest upon a positive and clear decision in his favor. The decision may be illegal or erroneous, but the procedure in the courts of the State of New York contemplates that it shall not be doubtful or ambiguous.

Where the findings of a jury as to special questions submitted to them are inconsistent with a general verdict, the special ˙findings˙ control the general verdict, and the court must render judgment accordingly.

Where the general verdict of a jury is inconsistent with special findings made by it, the court may call the attention of the jurors to the inconsistency and send them back to the jury room to reconsider the case.

*It seems,* that the rule that affidavits of jurors will not be considered for the purpose of impeaching their verdict, does not apply to a case where the verdict of the jury is inconsistent on its face, but only to cases in which the application is to set aside a general verdict or a special finding where there was no general verdict.

Where a jury find a general verdict for the plaintiff on a claim for work done by the plaintiff, and also find specially that the plaintiff has been paid for the work, and that certain other work done by the plaintiff for the defendant was defective, insecure and unworkmanlike. and the damage caused to the defendant thereby, and the case is one calling for a mere money judgment and requiring no special findings, it is the duty of the court to set the judgment aside and to grant a new trial.

APPEAL by the plaintiffs, John Kennedy and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 21st day of

December, 1894, upon the verdict of a jury rendered after a trial at the Kings County Circuit, and also from an order entered in said clerk's office on the 14th day of March, 1895, denying the plaintiffs' motion for a new trial made upon the minutes, and also from an order entered in said clerk's office on the 16th day of February, 1895, denying plaintiffs' motion to amend and correct the answer of the jury to the first special question submitted to them.

*Artemas B. Smith*, for the appellants.

*James M. Hunt*, for the respondent.

BROWN, P. J. :

This action was brought to recover about $600 claimed to be due to the plaintiffs from the defendant for work performed by the plaintiffs at Lancaster, Pennsylvania, during the year 1892.

The answer admitted the performance of the work and its value as alleged in the complaint, and as a defense pleaded (1) payment, (2) a counterclaim of about $400 arising out of the alleged defective performance of a contract by plaintiffs to do certain work at Ilion in the State of New York.

The jury was instructed by the court to render a general verdict and to answer specifically the three following questions :

" *First.* Have the plaintiffs been paid in full for the services at Lancaster mentioned in the complaint ?

" *Second.* Was the work done by the plaintiffs at Ilion defective, insecure and unworkmanlike ?

" *Third.* If so, what damages did the defendant suffer by reason of the defective character of such work ? "

The jury found a general verdict for the plaintiffs for the full amount of their claim and interest, and returned an affirmative answer to the first two questions and $200 as the answer to the third question. The court thereupon directed a verdict for the defendant for $200 upon the ground that the special findings, being inconsistent with the general verdict, were controlling.

The plaintiffs moved upon the court's minutes to set aside the verdict, which motion was denied. Subsequently, upon an affidavit made by all the jurors, the plaintiffs moved to correct the verdict by changing the answer to the first question from " yes " to " no," and

that judgment should be entered for the plaintiffs for the difference between the amount of the general verdict and the damages awarded on the counterclaim, which motion was also denied.

Appeals from the judgment and from the orders denying the said motions are now before us.

It would, I think, be a reproach upon the administration of the law and the procedure of the courts if the judgment rendered in this action is allowed to stand.

It is beyond dispute that it is impossible for the defendant to affirm positively that the jury intended to award it a verdict.

A judgment in favor of a party to an action should rest upon a positive and clear decision in his favor. The decision may be illegal or erroneous, but our procedure contemplates that it shall not be doubtful or ambiguous, but positive and clear in favor of the successful party.

In this case the findings of the jury are inconsistent. The general verdict cannot stand with the special findings. In such a case the law is that the special findings control the general verdict and that the court must render judgment accordingly. (Code Civ. Proc. § 1188.)

But like all other proceedings on the trial of an action, the conduct of the jury and its action in rendering the verdict under consideration was subject to the control of and review by the court. The verdict as rendered should not have been received, but the attention of the jurors should have been called to its inconsistencies, and they should have been sent back to their room to reconsider the case. It must be assumed that the jurors were honest and intended to discharge their duties fairly and intelligently. They doubtless intended to decide the case in favor of one party or the other, and not to nullify their verdict and cause the parties to lose the benefit of the trial. And it was apparent when the verdict was rendered that there was a misunderstanding of the case in the minds of the jury and a mistake in their conclusions.

I know of no rule of law which would have prevented the court then and there to have inquired of the jury the reason for the inconsistencies in their verdict, to have explained to them the result of the verdict and to have directed them to have returned to their room and reconsidered the case.

The respondent, however, to sustain the judgment rendered, invokes the rule that affidavits of jurors will not be considered, when made for the purpose of impeaching their verdict.

All the cases cited by the respondent and others which I examined, in which this rule was applied, were ones in which the application was to set aside a general verdict, or a special finding where there was no general verdict. I have not found a case where that rule was applied when the inconsistency of the jury's findings appeared on the face of the verdict. In such a case, I do not think the rule is applicable. Affidavits of jurors have been received in exculpation of their action and in support of their verdict.

In *Sargent* v. —— (5 Cow. 106) the verdict was set aside on affidavits of jurors showing that they had adopted a rule in estimating damages not allowed by law. This was approved in *Ex parte Caykendoll* (6 Cow. 53) and in *Dalrymple* v. *Williams* (63 N. Y. 361). That was going further, I think, than we would be called on to go in this case, as here the inconsistency of the verdict appears on its face, while in the cases cited it did not. But it is not necessary that we should consider that rule further or explain its application. The affidavit of the jurors was used upon the motion made by plaintiffs to change or set aside the special findings. That motion, we think, was properly denied. To have granted it would have required the court practically to have decided the case. That, it had no power to do, but it could have set the verdict aside and granted a new trial, and that, we think, it should have done. The case was not one which required any special findings from the jury. It was purely an action at law and called for a money judgment only. The questions were not submitted to the jury for the court's information, or with reference to any proceedings in the action by the court subsequent to the verdict, but solely to inform the jury of the questions involved, and aid them in considering the evidence and to arrive at a proper result.

After a clear and intelligible charge in which the several issues involved in the case had been presented to the jury, the court said: "In order that you may more readily determine these questions, I instruct you not only to find a general verdict one way or the other * * * but also to pass upon these three special questions of fact which I have stated in writing. * * * These are all

questions that you will necessarily have to consider in arriving at a general verdict. Perhaps if you have them before you in writing you will be aided considerably in arriving at a just and proper conclusion." It is evident from the result that the purpose of the learned judge to aid the deliberations of the jury and to illuminate the questions at issue, miscarried, and instead of a certain positive result, we have uncertainty and confusion, and probably a judgment not intended to have been given.

Without speculating as to what the jurors did really intend, and disregarding their own explanation made in their affidavit, it is very plain that they did not decide the case in favor of either party, and that to direct a verdict for the defendant upon the findings is to give it the benefit of a technical rule of practice, to which it is not in justice entitled, and which was never intended to apply to such a case as this.

We are of the opinion that the motion to set aside the verdict should have been granted.

The judgment and order denying the motion for a new trial must be reversed and a new trial granted; with costs to abide the event.

The order denying the motion to amend the verdict is affirmed.

PRATT and DYKMAN, JJ., concurred.

Order denying motion to amend verdict affirmed. Judgment and order denying motion for new trial reversed and new trial granted, costs to abide event.