FREDERICO ZUNINO, Plaintiff, v. PARODI CIGAR COMPANY, INC., Defendant.

(Supreme Court, New York Special Term, March, 1919.)

New trial — when affidavits of jurors that verdict was the result of a compromise may be used on motion for — when Special Term without power to hear a motion for a new trial — verdict.

Affidavits of jurors that their verdict was the result of compromise may be used on a motion for a new trial made after the reversal of an order setting aside the verdict, and restoring it.

Upon the trial of an action to recover $1,000 alleged to be due under a contract of employment, also damages for plaintiff's wrongful discharge, his right to recover the $1,000 was not disputed but defendant counterclaimed for damages alleged to have been sustained because of plaintiff's improper performance of the contract. The Appellate Division reversed an order setting aside a verdict of $500 in plaintiff's favor and restored the verdict, on the ground that the jury had reduced plaintiff's right to recover the $1,000 by awarding defendant the other $500 on the counterclaim. *Held,* that the Special Term was without power to hear a motion for a new trial based on the affidavits of five of the jury that the counterclaim was not considered and that the verdict was the result of a compromise; application should have been made to the Appellate Division for reargument.

Supreme Court, March, 1919.     [Vol. 106.

MOTION at Special Term for a new trial after reversal of judgment and reduction of verdict.

Samuel F. Frank, for plaintiff.

John B. Doyle, for defendant.

HOTCHKISS, J.   Plaintiff's complaint set forth two causes of action — (1) for $1,000 for moneys due and payable; (2) damages for unlawful discharge. Defendant's answer put in issue both causes of action and counterclaimed for damages suffered by reason of plaintiff's improper performance of his contract to serve.   On the trial there seems to have been no serious dispute as to plaintiff's right to recover the $1,000 already earned.   *Townsley* v. *Niagara Life Ins. Co.*, 218 N. Y. 228–233.   Plaintiff had a verdict for $500, which, on plaintiff's motion, was immediately set aside by the trial justice.   On appeal the Appellate Division reversed the order and restored the verdict, apparently on the ground that the jury undoubtedly had reduced to $500 the plaintiff's apparent right to recover the $1,000 by awarding defendant the other $500 on account of its counterclaim.   Plaintiff now moves before me at Special Term for a new trial.   On this motion he produces the affidavits of five of the jury, showing that the defendant's counterclaim was not considered and that the verdict for $500 was a compromise among the jurors, all of whom were for the plaintiff, but in sums from six cents upwards.   By an appropriate affidavit the absence of affidavits on the part of the remaining seven jurors is accounted for.   I am satisfied the plaintiff has the right to read the affidavits of the jurors for the purpose above indicated and that these affidavits do not infringe upon the rule which prohibits the use of such affidavits to impeach the verdict or to show that it was the result

of mistake. The affidavits here offered do not assail the verdict in any way; they explain it and render clear what would otherwise be doubtful. This is well within the exceptions to the general rule. *Webber* v. *Reynolds,* 32 App. Div. 248; *Dalrymple* v. *Williams,* 63 N. Y. 361. " It is held in Massachusetts that, when the jury have returned into court with their verdict before they are discharged, and while yet they are a jury, it is competent for the court to interrogate them as to the grounds of their finding, if there is more than one distinct ground upon which a verdict might be given." 2 Thomp. Trials, § 2621. This rule was adopted in the United States Circuit Court of Massachusetts by Curtis, J. Id. If the court may thus interrogate a jury for the purpose of discovering the grounds of its verdict, I cannot see why it is not proper to receive from the jury affidavits for the same purpose after their discharge. Of course the power of a judge to interrogate the jury does not continue after they have been discharged, and therefore the limitation placed upon the court under the Massachusetts rule is a necessary one. But if the occasion for examining the grounds of the verdict does not arise until after the jury has been discharged, I can see no reason why they should not make affidavit of the facts. If I had the power I would set this verdict aside, but I think plaintiff is wrong in his practice. He made his motion for a new trial before the trial justice. Doubtless the ground of his motion was insufficiency of damages. The order of the trial justice has been reversed, but the reversal does not invest me with power to hear a renewal of the motion. The plaintiff should apply to the Appellate Division for reargument.

Motion denied, without costs.