EUGENE MILLER, Infant, by NICHOLAS MILLER, His Guardian ad Litem, Plaintiff, *v.* WILLIAM MATTERN and Another, Defendants.

Supreme Court, Schenectady County, January 6, 1934.

*Leary & Fullerton*, for the plaintiff.

*Brown & Gallagher*, for the defendants.

LAWRENCE, J. Plaintiff recovered verdict of $5,000. No witnesses were sworn by defendant. The only question for the jury to determine was the amount of their verdict. At the close of the case, motion to set aside verdict as excessive was denied. This motion is now made on the added ground that the jury improperly applied the rule of damages, as stated by the court, and that the verdict was the result of an improper consideration of attorneys' fees to the prejudice of defendants. Affidavits are submitted by ten of the twelve jurors, and an additional affidavit as to a conversation with another juryman.

It is apparent from these affidavits that the question of attorneys' fees was discussed by the jury upon their deliberations. In most instances the affidavits stated that the verdict was placed at $5,000, because they considered that after a deduction of fifty per cent, $2,500 would be left for the plaintiff, to which they thought he was entitled for his injuries. Two jurymen do not state the amount to which they thought the plaintiff was entitled, but state in substance that they gave the plaintiff more than they thought he was entitled to in order to take care of the attorneys' fees.

Defendants' attorneys recognize, what seems to be a well-established rule, that the affidavits of jurors are not competent to impeach their verdict. Defendants assert, however, that as counsel fees are not a proper element of damages, a consideration of them as the basis for a verdict is not to be deemed an impeachment of their verdict but an explanation of how it was arrived at, and they cite some cases to sustain their position.

In *Sargent* v. ——— (5 Cow. 106) affidavits of jurors were received to show that the jury had considered elements of damages which were not proper elements. The action was for seduction. The affidavits considered indicated that the jury found nothing substantial on the claim of seduction, but allowed for the expense of rearing a child which resulted from the seduction. This the court, on review, held was improper. Their apparent reason for revoking such an award was based on the summation of plaintiff's counsel that such an element was proper, which the court did not correct. In the case at bar no fault was found with the rule of damages as stated.

In *Dalrymple* v. *Williams* (63 N. Y. 361) the foreman of a jury, by mistake, announced a verdict different than agreed to by the jury. The error was recorded, and the court at the same term corrected the record to conform to the findings. The court held that the rule forbidding jurors to impeach their verdict did not apply as it was not to change the verdict but to establish it.

In *Ex Parte Caykendall* (6 Cow. 53) the court said: " It is certainly well settled, that the affidavits of jurors cannot be received to

show a mistake in making up their verdict and we never intended to detract from that rule in *Sargent* v. ————, 5 Cowen, 106. In that case, the counsel advanced an erroneous rule of damages to the jury, which was not corrected in the charge of the judge. The jury were in this way led to adopt the rule. We considered these circumstances equivalent to a positive misdirection of the judge; and allowed the affidavits of jurors to be read, showing that they were, in fact, misled. It was impossible to make out what, in truth, operated as a misdirection of the judge, in any other way. Misdirection is a very usual ground for granting a new trial; and the case cited establishes merely, that a set of circumstances may amount to the same thing; and may be shown by the affidavits of jurors. Farther we did not mean to go; and we expressly disclaimed the idea of trenching on any of the cases which had refused to hear the affidavits of jurors."

In *Hodgkins* v. *Mead* (119 N. Y. 166) the jury were told what their verdict should be, if they found for the plaintiff. They were allowed to render a sealed verdict without appearing in court. They did so, stating that they found for the plaintiff but could not remember the amount. Affidavits of jurors were considered to the effect that they intended to render the amount stated by the court. The court corrected the verdict by inserting the amount, and on appeal this was held to be proper.

In *Webber* v. *Reynolds* (52 N. Y. Supp. 1007) the jury apparently misunderstood specific questions submitted to them. Affidavits of jurors were considered on a motion to set aside the verdict upon that point. The verdict was set aside and on appeal such action was sustained.

*Zunino* v. *Parodi Cigar Co.* (106 Misc. 521) was decided on a question of practice.

It does not satisfactorily appear in the case at bar what the verdict would have been if the matter of attorneys' charges had not entered into the deliberations of the jurors. It is sought to set aside the verdict and for a new trial on the ground that the jury improperly considered an element of damage which the law does not allow. To make the affidavits competent for that purpose, it is urged that they explain the verdict rather than impeach it.

The affidavits were, of course, procured *ex parte* and placed the matter in the most favorable light for the defendants. If such means can be employed to set aside verdicts rendered, in my judgment it will lead to endless confusion. In addition it seems to me that the affidavits come within the category of those used to impeach the verdict, and in view of the rule that they cannot be used for that purpose, this motion is denied, with costs.