Guy Gilbert Bibaudo, J.
Defendant moves for an order setting aside a verdict rendered by a jury in favor of plaintiff and for a new trial. The grounds urged upon the application are those found in section 549 of the Civil Practice Act, except inadequacy of the damages awarded and that the verdict was erroneously rendered.
Defendant sold plaintiff certain equipment. The gravamen of the complaint was to recover damages for a breach of warranty in the sale of such equipment. Defendant counterclaimed for the balance due on the purchase price of the equipment.
After trial the jury rendered a verdict in favor of the plaintiff and dismissing defendant’s counterclaim. Several days after the rendition of the verdict the court was visited by the foreman of the jury. He advised the court that the jury had erroneously rendered a verdict by reason of the fact that it was the intention of the jury to allow the defendant the sum of $150 on its counterclaim instead of dismissing it completely.
The court then sent for counsel and advised them of what had transpired. This motion was then made.
The motion is predicated upon the affidavit of the foreman of the jury. He avers that “ by pure inadvertence and because of the haste of the jurors to complete deliberation which had taken them far past the lunch hour, instead of deducting the $150.00, found in favor of defendant, from the $626.00 found in favor of the plaintiff, which would leave a balance in favor of the plaintiff in the sum of $476.00, the said sum of $150.00 was added to the $626.00, for a total of $776.00, which was the verdict rendered by the jury.”
It appears from his affidavit that he discussed this situation with two other jurors and that they were in accord with his position. However, no affidavits are submitted from the other jurors.
When the verdict was returned by the jury, counsel for defendant requested that the jury be polled. A party against whom a verdict is declared has an absolute right to poll the jury at any time before the verdict is entered. The jurors were individually polled and each juror agreed that the verdict as announced by the foreman was his or her own.
The object of polling a jury is to give the juror an opportunity to declare his present judgment in open court, and to ascertain with certainty that each juror approves of the verdict returned and that no one has been coerced or induced to agree to a verdict to which he does not actually assent. (89 C. J. S., Trial, pp. 149-150.)
*188 In Labar v. Koplin (4 N. Y. 547, 551) the court said: “ The object of polling a jury is to ascertain if the verdict which has just been presented or announced by their foreman is their verdict, or in other words if they still agree to it; not to ask them what their verdict means, nor to question them as to their intention in finding it.”
There is no doubt that affidavits of jurors are competent evidence to prove a mistake or error of the jurors in respect to the merits, or misconduct, or that they mistook the effect of their verdict and intended something different. The court has been unable to find any citation where an affidavit of one juror has been held to be such competent evidence. Certainly any conversations had as claimed by the foreman of the jury with other jurors without the submission of their affidavits cannot be considered by the court.
The vice in the defendant’s contention lies in the fact that jurors may not be heard to impeach their verdicts, whether by showing their mistake or misconduct. This fact is more potent in the present situation by reason of the fact that the jury was polled and each juror assented to the verdict. In Dalrymple v. Williams (63 N. Y. 361, 363-364) the court said: “ But the rule is well established, and at this day rests upon well understood reasons of public policy as connected with the administration of justice, that the court will not receive the affidavits of jury men to prove misconduct on their part, or any act done by them which could tend to impeach or overthrow their verdict. This rule excludes affidavits to show mistake or error of the jurors in respect to the merits, or irregularity or misconduct, or that they mistook the effect of their verdict and intended something different. (Clum v. Smith, 5 Hill, 560; Ex parte Caykendoll, 6 Cow., 53; The People v. Columbia Common Pleas, 1 Wend., 297; Jackson v. Williamson, 2 T. R., 281; Davis v. Taylor, 2 Chitty, 268; Vaise v. Delaval, 1 T. R., 11.) None of these decisions or the principles upon which they rest are decisive of the precise question now presented. They only decide that the verdict to which the jurors have once assented, and which they have reported to the court, cannot be impeached or set aside upon their declaration or affidavit.” (See, also, Duran v. Chelsea Exch. Bank, 123 Mise. 158; Wirt v. Reid, 138 App. Div. 760; Miller v. Gerard, 200 App. Div. 870.)
Inroads upon the finality of the jury’s deliberations are of the gravest concern to “the true administration of justice.” Only the clearest situations of patent injustice can warrant interference with the jury’s verdict because of alleged error in the results of these deliberations. Courts must be mindful *189 of the pitfalls that may result; they must make every effort to preserve rather than dilute the sanctity of the jury verdict.
Finally, it would be a reproach upon the fundamental processes of justice to allow a party to set aside a verdict of the jury, especially after the polling of said jury, solely upon the affidavit of one juror.
The papers before the court in support of the motion are clearly insufficient to meet the requirements of the rule applicable to motions of this character, and accordingly, the motion is in all respects denied.
In view of the interesting question presented herein and that the defendant may have an opportunity to perfect an appeal if he so desires, the defendant is allowed a stay of all proceedings after service of notice of entry of judgment, for 15 days, in order to perfect such appeal.