OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Appellant, Pogo Holding Corporation, brought suit to recover the proceeds of two fire insurance policies, in the amounts of $40,000 and $15,000, issued by respondent, New York Property Insurance Underwriting Association, covering two wood frame buildings owned by appellant in Far Rockaway, which sustained fire damage in September 1974. Respondent asserted as affirmative defenses that appellant willfully misrepresented the value of its property in its sworn proof of loss statements, and that appellant swore falsely and willfully misrepresented and concealed information relating to its property during the examinations under oath required by the policy. Under the policies at issue, which, contained the standard New York fire insurance policy, either of the above, if proved, would be ground for voiding the policies (see Insurance Law, § 1.68, subd 5).
 

 At trial, evidence was introduced showing that while appellant, in its proofs of loss, claimed that the value of its damaged property was $55,000 (the full amount of the
 
 *971
 
 policies), a real estate expert called by respondent testified that the value of the premises before the fire was only $10,500. Additionally, one of its officers during appellant’s examination under oath gave testimony as to the rental value of the properties which conflicted with lower rental figures set forth in a letter previously sent by appellant to respondent. Trial Term instructed the jury, without objection, as follows:
 

 “I instruct you that false swearing or misrepresentation as to a material fact, if intentional, in the proof of loss or in the insured’s examination under oath, will bar the plaintiff’s recovery. It need not be shown that the defendant was injured by the falsity.
 

 “Now, an insured’s motive in making a false statement is immaterial. If he knowingly makes a false statement intentionally [sic] to deceive will be implied on the principle that every person intends the natural consequences of his act.
 

 “If you find that the defendant has established by a fair preponderance of the evidence that the plaintiff intentionally swore falsely or misrepresented as to a material fact in the proofs of loss or in its examination under oath, your verdict will be for the defendant.”
 
 [1]
 

 Trial Term also submitted a jury verdict form containing several interrogatories, again without objection. In response to the question, “Did plaintiff falsely swear to or misrepresent a material fact,” the jury answered “Yes.” The jury verdict form stated that if the answer to that question were “yes,” the jury should “go no further and report your verdict for defendant.”
 
 [2]
 

 Trial Term did not enter judgment on that verdict. Instead the court stated that appellant had earlier moved
 
 *972
 
 to dismiss respondent’s affirmative defenses (one based on falsity in proofs of loss, and one based on falsity in examinations under oath) and that, since both defenses were embraced in the single interrogatory above, he would separate the defenses and ask the jury two more questions. Respondent’s counsel objected to Trial Term’s refusal to accept the verdict, and to the proposed additional questions, which he feared would be “almost indicating to [the jury] that they did something wrong in the decision of the verdict that they did reach.” Over that objection, Trial Term then instructed the jury to “determine whether the plaintiff falsely swore to or misrepresented a material fact either during its examinations before trial or in its proofs of loss or both.” The jury returned a finding in narrative form to the effect that appellant “misrepresented the values of the houses.”
 

 Once again Trial Term refused to accept the jury’s verdict, this time for improper form, and resubmitted the issue of whether appellant falsely swore or misrepresented a material fact in its proof of loss or examination as separate written questions, both of which the jury answered in the negative. At that point Trial Term concluded that the jury’s latest answers were inconsistent and set aside the original verdict, over respondent’s objection, dismissed respondent’s affirmative defense of false swearing and misrepresentation in appellant’s proofs of loss, and ordered a new trial on appellant’s cause of action and respondent’s remaining defense of misrepresentation or concealment by appellant in its examinations under oath.
 

 The Appellate Division unanimously reversed and reinstated the jury’s original verdict in favor of respondent. We affirm.
 

 Trial Term erroneously refused to accept the jury’s initial finding that appellant falsely swore or misrepresented a material fact, which, as stated on the jury verdict form, required a verdict in favor of respondent. Under the law governing this case as set forth in the charge, the evidence was sufficient to support the jury’s finding as to appellant’s false swearing or misrepresentation, and the verdict should have been accepted by Trial Term. This was not a case where the jury’s initial answers to interrogatories
 
 *973
 
 were ambiguous, equivocal or inconsistent with the general verdict or each other (see CPLR 4111, subd [c]), and therefore there was no basis for resubmitting the issue to the jury for reconsideration.
 
 (Marine Midland Bank v Russo Produce Co.,
 
 50 NY2d 31, 40-41;
 
 Kennard v Welded Tank & Constr. Co., 25
 
 NY2d 324.) The inconsistent answers, reached by the jury only after Trial Term twice improperly rejected its finding of misrepresentation by appellant, cannot serve as a basis for rejecting the jury’s initial interrogatory answer and the consequent general verdict which were supported by the evidence at trial.
 

 Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur; Chief Judge Cooke taking no part.
 

 Order affirmed, with costs, in a memorandum.
 

 [1]
 

 . While we have held that intent to deceive is an element of the affirmative defense of fraud or false swearing under an insurance policy
 
 (Jonari Mgt. Corp. v St. Paul Fire & Mar. Ins. Co.,
 
 58 NY2d 408, 417), Trial Term’s charge, which was not objected to, “is the law governing this case under which the legal sufficiency of the evidence to support the jury’s finding * * * must be assessed.”
 
 (Bichler v Lilly & Co.,
 
 55 NY2d 571, 584.)
 

 [2]
 

 . While the clerk did not inquire, and the jury did not report, whether it reached the general verdict for respondent required by the directions on the verdict form, that omission — to which appellant did not object — is of no effect, as the jury’s interrogatory answer was a sufficient basis on which judgment could have been entered for respondent.
 
 (Marine Midland Bank v Russo Produce Co.,
 
 50 NY2d 31, 39-41.)