STELLA HAND, as Administratrix of the Estate of ARTHUR HAND, Deceased, Appellant-Respondent, et al., Plaintiff, v. PENN CENTRAL TRANSPORTATION COMPANY, Respondent-Appellant, et al., Defendants.—

Concur — Capozzoli, McGivern, Markewich, JJ.; Stevens, P. J., and Eager, J., dissent in the following memorandum by Stevens, P. J.: We dissent in that we would modify to direct a new trial, unconditionally, on all issues. Eliciting from the State Trooper, over objection, that he had investigated other fatalities at the crossing here involved without first showing that the circumstances attending such accidents were sufficiently similar to prevailing relevant conditions, as determined by the issues, was prejudicial error (*Kaplan* v. *City of New York*, 6 A D 2d 489, 491). Requisite proof of similar conditions must be preliminarily established before proof of prior accidents is properly admissible. The single fact of prior fatalities

could so impress the jury that negligence as a fact, finding proximate cause for responsibility thereof, would be overlooked. Moreover, it was within the province of the jury to determine if the speed of the train was excessive under the facts and circumstances disclosed by the record. The expressed opinion of the expert that the train was operating too fast was unnecessary, invaded that province, and cannot be regarded as harmless error because the question of liability was a close one, and the testimony of an experienced engineer from a different or competing railroad was obviously prejudicial.