■　RICHARD ZIPAY et al., Appellants, v H. COOLIDGE BENSON et al., Defendants and Third-Party Plaintiffs-Respondents. DYER-FITTS CONSTRUCTION CO., INC., Third-Party Defendant-Respondent. (Action No. 1.) RICHARD ZIPAY et al., Appellants, v ALLIED CHEMICAL CORPORATION, Defendant, and CLARK JAMESVILLE RENTAL, INC., Defendant and Third-Party Plaintiff-Respondent. DYER-FITTS CONSTRUCTION CO., INC., Third-Party Defendant-Re-

spondent. (Action No. 2.)—Appeal from a judgment of the Supreme Court, enterd October 30, 1975 in Broome County, upon a verdict rendered at a Trial Term in favor of defendants. On August 1, 1966 the plaintiff Richard Zipay was injured in an accident at work. At that time he was employed as a flagman by the third-party defendant, Dyer-Fitts Construction Co. (Dyer-Fitts), which had a contract with the State of New York for the repairing, rebuilding of shoulders and replacement of guardrails and traffic signs on a four and one-half mile segment of Route 23 in the County of Chenango. This portion of the highway had been designated as a restricted highway, during the construction phase, by the Superintendent of Public Works and that designation gave Dyer-Fitts control over the flow of traffic along that segment of the highway. On the day of this accident the blacktop machine was being fed by 45-foot long tractor-trailers of the defendant Clark and the shoulder spreading machine was being fed by defendant Benson's 21-foot long dump trucks. The two machines moved closer together as they dumped and processed the delivered materials and were between 200 and 400 feet apart when the accident occurred. Both the Benson and the Clark vehicles had to pass the shoulder spreading machine, which maneuver was directed by Zipay. As the latter was directing a Clark tractor-trailer a dump truck owned by Benson was being directed backwards toward the spreader by one Rackett, an employee of Dyer-Fitts, when it knocked Zipay down and the wheels ran up onto his legs and lower torso area causing serious injury. Plaintiffs sued Benson and Clark who cross-claimed against each other and both instituted third-party actions against Dyer-Fitts. This case was previously before this court on appeal after its first trial, and we reversed a judgment in favor of the plaintiffs and for reasons stated ordered a new trial *(Zipay v Benson,* 47 AD2d 233). The second trial resulted in a verdict in favor of the defendants and the plaintiffs now appeal, contending, *inter alia,* that the verdict therein was against the weight of the evidence and that the trial court committed reversible error by refusing to charge subdivision (a) of section 1211 of the Vehicle and Traffic Law. A verdict in favor of a defendant is not against the weight of the evidence unless the evidence so predominates in favor of the plaintiff that the verdict could not have been reached on any fair interpretation of the evidence *(McDowell v Di Pronio,* 52 AD2d 749; *Roberts v Ausable Chasm Co.,* 47 AD2d 979; *Rapant v Ogsbury,* 279 App Div 298). Review of the record here demonstrates that the evidence was sufficiently balanced so that the jury could have found that either or both of the defendants were negligent or that one or neither of them was negligent. In further support of their contention, the plaintiffs place great reliance upon the answers to some of the special questions submitted to the jury by the trial court. In sum, the jury found the plaintiff Richard Zipay to be free of contributory negligence and both Clark and Benson to be free of any negligence proximately causing the injuries to Zipay and plaintiffs deem it incredible that the jury exonerated all of the active participants in the accident. Such a conclusion overlooks the fact that from the evidence presented the jury might have reasonably determined that the accident was caused by the negligent supervision of the third-party defendant Dyer-Fitts or the negligence of its employees or a combination of both. Clearly, the verdict is not against the weight of the evidence presented. Plaintiffs next contend that the refusal of the court to honor their request to charge subdivision (a) of section 1211 of the Vehicle and Traffic Law constituted reversible error. We agree that where a plaintiff is injured by a backing vehicle on an unrestricted highway, where section 1211 of the Vehicle and Traffic Law clearly applies, it may be reversible error not to

honor the request *(Green v Downs,* 27 NY2d 205). However, here the evidence indicated that Route 23 in the area of this accident was a restricted highway. Moreover, it is not reversible error where the trial court, in applying common-law rules, charges the purport of section 1211 in synonymous language *(Weissenstein v Briggs Leasing Corp.,* 38 NY2d 858). The charge was clear and correct and certainly sufficient to avoid any prejudice to the plaintiffs. We have examined the other contentions of the plaintiffs and find them lacking in substance. Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Main, Larkin and Herlihy, JJ., concur.