■ ROBERT SCALA, Appellant, v DISCOUNT RENT-A-CAR CORP. et al., Respondents. (Action No. 1.) ROBERT SCALA, Appellant, v CHRYSLER LEASING CORP., Respondent. (Action No. 2.) ROBERT FULLER, Respondent, v ROBERT SCALA, Appellant. (Action No. 3.)—Appeals from (1) a judgment of the Supreme Court in favor of defendants Discount Rent-A-Car Corporation and Chrysler Leasing Corporation and against the plaintiff Robert Scala, entered June 11, 1976 in Delaware County, upon a verdict of no cause of action rendered at a Trial Term, and (2) a judgment of the Supreme Court in favor of the plaintiff Robert Fuller against defendant Robert Scala, entered May 11, 1976 in Delaware County, upon a verdict rendered at a Trial Term. At approximately 3:00 A.M. on the morning in question, a car in which Robert Scala and Margaret Gillette were riding was being driven by one of them in an easterly direction in a westbound lane of Route 17, a four-lane, limited access divided highway, when it collided with a truck being driven by plaintiff Robert Fuller which was traveling in a westerly direction in the westbound lane of Route 17. Fuller sued Scala and Gillette, alleging that one of them was the negligent driver of the car, a rental car owned and leased by the remaining defendants. Scala sued Discount Rent-A-Car Corp., Margaret Gillette and Chrysler Leasing Corp., alleging that he was a

passenger in the car being driven negligently by Gillette. The appellant Scala concedes that the sole issue litigated and submitted to the jury, besides the question of damages, was whether Scala or Gillette was the driver of the car. Although both Scala and Gillette testified that Miss Gillette was the operator of the car at the time of the accident, the jury specifically found that Scala was the driver and, accordingly, found no cause of action in his plaintiff's case and in favor of plaintiff Fuller against defendant Scala. On this appeal, appellants urge that the jury's finding that Scala was the operator of the car was against the weight of the evidence. A jury's verdict should not be interfered with unless it is clearly against the weight of the evidence and by it is meant that it is so clearly wrong that " 'no reasonable man would solve the litigation in the way the jury has chosen to do' " *(Kinsfather v Grueneberg,* 47 AD2d 789, 790). Stated somewhat differently, a verdict in favor of the defendant is not against the weight of the evidence unless the evidence so predominates in favor of the plaintiff that the verdict could not have been reached by any fair interpretation of the evidence *(Zipay v Benson,* 57 AD2d 683; *Roberts v Ausable Chasm Co.,* 47 AD2d 979). Medical testimony was elicited concerning the extensive injuries to both Scala and Gillette and whether such injuries were consistent or inconsistent with being the driver or the passenger. From this testimony the plaintiff Scala and the defendants drew conclusions as to who was driving the car at the time of the accident. In addition, there was opinion testimony from an engineering consultant that Scala was the passenger and Gillette the driver. He did, however, testify that the positions of the bodies in the car were not inconsistent with Scala having been the driver. A State Police officer who was at the scene of the accident found Scala behind the steering wheel with "his left leg * * * crushed up under the dash by the steering column" with Miss Gillette on top of him. There was testimony by doctors that Scala was semiconscious and, in their opinion, unable to make any competent statement for days or weeks after the accident. Two troopers, however, testified that on the day following the accident, Scala, when interviewed at the hospital, stated to them that he was the operator of the car. In addition, the nurses' notes indicate that on the day of the troopers' interview Scala was "awake and aware of surroundings" and signed a "consent to surgery" form. All such testimony created questions of fact for consideration and resolution by the jury. The testimony herein was sufficient to support the jury's verdict that Scala was the driver. Appellant Scala further urges that reversible error was committed in the receipt into evidence of a letter from one law firm to another indicating that Miss Gillette was a passenger. While such a letter is hearsay, the attorney-author of the letter testified at length that he had never seen Miss Gillette, that she had never indicated to him that she was a passenger and, in effect, that the matter was an apparent mistake of some kind. The attorney's testimony, coupled with Miss Gillette's denial of any relationship whatsoever with the attorney, fully apprised the jury of the situation. The error, if any, prejudiced no substantial right of any party, and does not require another lengthy trial more than 10 years after the accident (CPLR 2002; *Hand v Penn Cent. Transp. Co.,* 35 AD2d 942, affd 29 NY2d 911). We find unpersuasive appellant's argument that the charge concerning possible intoxication requires reversal, especially in view of the trial court's charge, without objection, that "If you determine that Scala was the driver of the car you need go no further. The court determines under those circumstances that plaintiff [Scala] is guilty of contributory negligence as a matter of law

and therefore he cannot recover". We have examined the record and do not find that the verdict in favor of Fuller was excessive. Judgments affirmed, with costs. Koreman, P. J., Kane, Mahoney, Larkin and Herlihy, JJ., concur.