■    JAMES H. HANLON, Respondent, v KENNETH MACGILFREY et al., Appellants.—Consolidated appeals from (1) a judgment of the Supreme Court in favor of plaintiff, entered September 23, 1976 in Albany County, upon a verdict rendered at a Trial Term, and (2) orders of the same court, entered July 29, 1976 and September 29, 1977, which denied motions by defendants for a new trial. Plaintiff commenced this action for malicious prosecution against Nelson Freightways, Inc., his former employer, and Kenneth MacGilfrey, who was manager of Nelson's business operation in the Town of Colonie at the time of the alleged tort. According to the complaint, on January 25, 1973 MacGilfrey, in conspiracy with and as an agent for Nelson, maliciously and without probable cause swore to a criminal information charging plaintiff with the theft of a hydraulic jack belonging to Nelson. Arrested on this charge, plaintiff was tried and acquitted in December of 1973, and he thereafter instituted the present action. Following a jury trial thereof, a verdict in the amount of $1,000 in compensatory damages and $20,000 in punitive damages was returned in favor of plaintiff, and defendants moved to set aside the verdict and for a judgment directed in their favor or, alternatively, a new trial. By order entered July 29, 1976 this motion was denied, and in September of 1977 a second motion by defendants for a new trial was similarly denied. These appeals ensued. In

seeking a reversal of the trial court's judgment and orders, defendants make numerous contentions, none of which warrant our disturbance of the proceedings below. Since the alleged newly discovered evidence presented by defendants either could have been discovered prior to the conclusion of the trial, i.e., the testimony of a handwriting expert, or was not so persuasive as to have possibly changed the jury's ultimate determination, i.e., evidence indicating that Nelson leased no replacement trucks from a certain company, it was clearly insufficient to justify granting defendants a new trial *(Mully v Drayn,* 51 AD2d 660). Likewise, the record plainly establishes that the verdict was against both defendants, and defendants waived any objection to the form of the verdict by their failure to make a timely objection thereto *(Wonsch v Snyder,* 53 AD2d 1031). As for the size of plaintiff's verdict, we cannot say on the present record that it was excessive, and we have also examined defendants' remaining contentions and found any errors committed to have been harmless (cf. *Hand v Penn Cent. Transp. Co.,* 35 AD2d 942). Judgment and orders affirmed, with costs. Greenblott, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.