■   GORDON C. SMITH, Respondent, v NICHOLAS JANKOWSKI et al., Appellants, et al., Defendant. (Appeal No. 1.)—Judgment unanimously affirmed, with costs. Memorandum: Defendants Rowles and Jankowski appeal from jury verdicts in a negligence action which found no cause as against codefendant Pfohl and awarded plaintiff $65,000 for personal injuries. At trial, the court permitted medical testimony by doctors whose reports had not been submitted pursuant to 22 NYCRR 1024.25 which requires exchange of medical reports in personal injury actions. In denying defendants' motion to preclude such proof, the court found that plaintiff had submitted all available medical and hospital reports in his possession at the time of the demand together with authorization to obtain hospital records; further, that the plaintiff fully stated at an examination before trial the injuries suffered in the accident and difficulties which had persisted unchanged; and further, that defendants were afforded a physical examination of the plaintiff by their doctor at which plaintiff reiterated the nature and extent of the alleged injuries. Due to personal and family problems the attending physician had not submitted his report prior to defendants' demand. His report produced at the pretrial conference contained the doctor's findings, diagnosis and treatment which were as contained in the hospital records afforded defendants. Our rule, 22 NYCRR 1024.25 (b) (1) dealing with delivery of reports, is designed to safeguard against surprise at trial. Subdivision (g) of 22 NYCRR 1024.25 provides that the preclusion of testimony under this subdivision may be voided at the discretion of the Trial Justice for good cause shown. Since the hospital records in defendants' possession contained a detailed description of the injuries treated by the attending doctor and the services which he performed, it was not improper or prejudicial to permit him to testify *(Wonsch v Snyder,* 53 AD2d 1031). A certified member of the American Board of Psychiatry and Neurology first examined plaintiff immediately before the scheduled trial. The rule, therefore, does not apply to the admission of his testimony (see *Benedict v Misener,* 45 Misc 2d 119). His testimony concerning the psychiatric nature of the hypnotic treatment received by plaintiff was directly related to the treatment rendered for injuries included within the bill of particulars. The issue of whether such treatment was necessary and reasonable was for the jury's determination. Defendants have not demonstrated any prejudice and waived further physical examination afforded by the court prior to jury selection. On review of the record, we find that the evidence was sufficiently balanced so that the jury could fairly have found from it that either or both of the defendants were negligent and its verdict may not be said, therefore, to be against the weight of the evidence *(Zipay v Benson,* 57 AD2d 683). (Appeal from judgment of Niagara Supreme Court—automobile negligence.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Witmer, JJ.