Kenneth L. Wood, Respondent, *v.* Webster Paper & Supply Co., Inc., Appellant.

Kenneth L. Wood, Respondent, *v.* Robert J. Laffin, as Executor of Donald L. Briggs, Deceased, Appellant.

Jeanette E. Wood, Respondent, *v.* Webster Paper & Supply Co., Inc., Appellant.

Jeanette E. Wood, Respondent, *v.* Robert J. Laffin, as Executor of Donald L. Briggs, Deceased, Appellant.

Third Department, May 19, 1954.

170

*F. Walter Bliss* and *C. W. McCormick* for appellants.

*John T. DeGraff* and *Harold R. Soden* for respondents.

BERGAN, J. On a late February afternoon in 1953, two vehicles collided on a curve in an Adirondack highway between Saranac Lake and Lake Placid. Donald Lyman Briggs, the driver of a Nash car moving westerly toward Saranac Lake was killed; the driver of a Studebaker automobile moving easterly, Kenneth L. Wood, and his wife, Jeanette E. Wood, riding with him, were injured. It was snowing intermittently; the surface of the road was slushy on the sides but the center was relatively free of ice and snow.

The surviving injured parties have recovered verdicts against the estate of Briggs and against his employer, the Webster Paper and Supply Company, the owner of the car he was driving. It is suggested by appellants that the verdicts for plaintiffs are against the weight of the evidence and we address ourselves to that first.

There were no witnesses to the collision except the two injured plaintiffs; and where the only available narrative of events

must come from witnesses who are pursuing a purpose to get a verdict on one side of the litigation, and the one person who could answer the narrative on the other is dead, something more than the literal words must be considered in approaching a fair consideration of the weight of evidence.

A court is not necessarily bound to regard a verdict consistent with the weight of the evidence because one man survives to tell what happened and death has stopped all narration by the other. This very presence and absence of available proof is one relevant element to be considered in determining whether the verdict is consistent with the weight of evidence. Demonstrated physical events, and a knowing judicial sense of probability, assume a proportion required by the imbalance of other descriptive testimony.

The testimony of the two plaintiffs was quite simple. In proceeding easterly they had the outside of the curve to their right; the deceased driver came over to their side of the road; Mr. Wood moved on to the shoulder of the road on his right; but the accident nevertheless happened when the Nash car continued on to strike the Studebaker; the deceased was going fast, the survivors slow.

We look, then, to the physical residuum left after the collision for help in evaluating the narrative testimony. Immediately after the accident the car that had been driven by the decedent Briggs was on its right side but it was facing toward the center of the road, its rear wheels off on the shoulder and its front bumper four feet from the road center. It thus occupied a part of the westbound lane of the pavement and substantially all of the shoulder.

The Studebaker was on its right side of the road facing in the same direction in which it had been proceeding. Its left wheels were on the pavement; its right wheels on the shoulder of the road " close " to the guardrail, but there was some space between.

There was " some debris between these two cars " which was removed to some extent from this position to minimize danger on the highway. Before this " It was pretty well strewn across the highway ". The location of the debris, appellants argue, suggests that the accident did not occur on plaintiff's side and tends to discredit their testimony.

Mr. Wood described the point of impact between the two cars as being " right in front " of where his car stood after the accident. A State trooper measured the distance from the left

front of the Wood car to the center front of the bumper of the Nash and found the distance to be twenty-nine and one-half feet.

From this appellants argue that the speed attributed by plaintiffs to the Nash is improbable since great speed would have impelled the cars farther apart. The damage on the left side of the Nash suggested to an expert that it had been struck a slanting blow partly from the left. From this it is argued that the Nash was headed somewhat to its right and was struck by the Studebaker. These physical observations together with some inconsistencies in the testimony of the two plaintiffs are the basis of appellants' argument here that the verdict is against the weight of the evidence.

But looking very favorably toward all the inferences which appellants deduce from these facts we do not reach the point where we would feel justified in interfering with the verdict on the weight of evidence. We are unable to redress fully the disadvantage on the trial caused by the death of one of the vital actors in the event and are unable to say that the testimony of plaintiffs Wood is so improbable that a jury would not be justified in accepting it.

It is true enough that sometimes drivers having the outside of the curve on their right, as Mr. Wood had, cut across; but it is true also that sometimes drivers having the inside of the curve go around widely; so that no clear inference is to be drawn from the direction of the curve.

It is true that the photographs and some other evidence indicate that the center of the road at this point was quite clear of snow, which was mostly along the sides, and both drivers may very well have been in the center and not have seen each other on the curve until too late, but we would not feel justified on this speculation to set aside the jury's decision finding the facts the other way.

The condition of the Nash car indicates something more than moderate speed by one or the other vehicle at the point of impact, but that speed may very well have been of the Nash itself as the jury seems to have found. The testimony of Mr. and Mrs. Wood differed in some details but this is true of the testimony of most witnesses on most trials. On the whole we regard the verdict as being consistent with the weight of the evidence.

An error of law is suggested arising from the form in which the verdict for Kenneth L. Wood was taken. His complaint asserted three causes of action: one for his own injuries, one for the medical care and loss of services of his wife and one for

the damage to his car. The jury returned a general verdict " in favor of the plaintiff Kenneth L. Wood in the amount of $55,000 ". On appeal the appellants say that the jury should have been required to apportion their verdict to the respective causes of action pleaded.

The clear objection to that argument here is that no such request was made when the verdict was returned. The court could readily have required the jury to amplify its verdict to show the apportionment; we are not disposed to order an entire new trial of the issues to ascertain what could have been found out on the first trial if defendants had suggested any such specification to the judge.

The mere general motion addressed to the verdict does not cover the need to break down the elements now complained of. A party feeling aggrieved by the form of a verdict, capable of being then corrected, has the duty to make the point distinctly enough so that the trial judge is advised what it is he wants the court to do. It is quite too late to say on appeal what ought to have been said clearly at Trial Term.

It is true enough that the authorities indicate that in such a situation as this the adverse party has the right to have the jury break down the amounts which they are finding and attribute them to the several causes of action pleaded. The question has most often arisen in cases where insurance carriers covered some, but no others, of items of damage that had been expressed in a general verdict. *Clark* v. *Globe Ind. Co.* (266 N. Y. 478) is one example.

There, however, a specific request was made on the original trial of the negligence action that the jury be instructed to return separate verdicts, and that motion was denied (146 Misc. 697, 698, 699). Sometimes in the second action on the insurance policy a question of fact on the apportionment recoverable is deemed to be open notwithstanding a general verdict on the trial of the negligence action. (*Bogardus* v. *United States Fidelity & Guar. Co.,* 269 App. Div. 615.)

The case before us is not a case where the general verdict fails to resolve some fatal inconsistency of theory or cause of action as in *Tryon* v. *Willbank* (234 App. Div. 335) and *Kawczynski* v. *Prudential Ins. Co.* (244 App. Div. 759). Even in those cases objection must be deemed to have been properly addressed to the claimed inconsistency which underlay the general verdict. Here the general verdict does not expose an inconsistency or affect different parties incurring different kinds of liability.

It merely makes it more difficult to say whether the verdict is excessive. We think the objection was waived by not being taken at a time when something effective could have been done about it.

On the excessiveness of the verdict of $55,000 for Kenneth L. Wood, the jury could have found that the special damage for medical care of himself and his wife and the damage to his car amounted to $10,000, which would leave some $45,000 attributed to his own injury, without, however, considering loss of service of his wife. The major injury suffered by Mr. Wood was a fracture of the pelvis involving the left hip. He suffered four lacerations in the head which are described in the record and a fracture of the proximate phalanx of the thumb of the right hand. In this last injury a physician testified that he suffered a 25% loss of the function of the thumb.

The fracture of the pelvis was described by the physician as a " major skeletal injury ". Hospital treatment was continued from February 26th to May 5th. The physician testified that he had a 50% permanent disability of the lower left extremity. Some improvement could be effected if further major surgery was successfully carried out. At the time of the trial, about nine months after the accident, he was unable to walk without crutches. The verdict is not excessive in our view. The verdict of $15,000 for the wife is not excessive.

The judgments should be affirmed, with costs to respondents.

Foster, P. J., Coon, Halpern and Imrie, JJ., concur.

Judgments affirmed, with costs to respondents.