■ ALBINO MANCA, Respondent, v. SPENCER, WHITE & PRENTIS, INC., et al., Appellants, et al., Defendants.— Judgment, Supreme Court, New York County, entered January 5, 1970, reversed, on the law and the facts, and vacated, and a new trial directed, with costs and disbursements to abide the event. In this action for damage to plaintiff's building the jury rendered a comparably small verdict against the owner of the adjacent property and more sizable verdicts against contractors who respectively did the excavating and pile driving. These verdicts were in different amounts. Under the charge of the court no differentiation was permissible. Clearly what the jury did was to find against the owner for damage to a skylight, which damage was exactly proved as to amount, and exonerated the owner for the other damage, which consisted of damage to the building through settling. As to this damage the jury apportioned it between the remaining defendants upon some unascertainable basis. While under proper instructions the jury might have corrected this error, this was not done. The general rule, where the jury has improperly apportioned damage between tort defendants, of entering judgment for the larger amount (Polsey v. Waldorf-Astoria, 216 App. Div. 86) would not be applicable, as the larger amount may or may not reflect what the jury meant to find was plaintiff's damage. Instead, the court directed a flat 30% reduction in the three jury awards, including the award against the owner which was in the sum of $1,140 and accurately reflected the cost of repairing the skylight. This hardly corrected the situation. Furthermore, the error was compounded by the court submitting the text of certain sections of the Administrative Code to the jury without explanation as to the liability imposed and without directing the jury's attention to which sections were applicable and which were not. In addition, some members of the court are of the opinion that the verdict is against the weight of the evidence, particularly in that a substantial part of the damage to the building was shown to have existed before either of the appealing defendants undertook any work on the adjoining plot. Concur — Stevens, P. J., Murphy and Steuer, JJ.; McGivern and Nunez, JJ., dissent in the following memorandum by Nunez, J.: The plaintiff established by clear evidence, and the jury found, that the appealing defendants failed to provide sufficient

support and bracing for plaintiff's building during the course of their construction work on a contiguous lot. And that as a result of the heavy pile driving and defendants' negligence, plaintiff's building was severely and permanently damaged. Almost from the inception of their work, the record discloses that plaintiff pleaded with defendants to apply the necessary bracing and take other protective measures, but to no avail. His repeated pleas that defendants repair the damage also fell on deaf ears. Nine years after defendants' wrong, plaintiff succeeded in recovering a verdict. The defendants appealed. And now 11 years after the event, an appellate court finding technical errors in the trial process, has decreed still further delay in recompensing an innocent taxpayer for his damaged property. This is no tribute to our system of justice. Calendars being what they are, the next trial may occur 12 years after the event. One could take judicial notice that this is "justice denied". Only defendant Crimmins contends that the jury erroneously attempted to apportion the damages. However, no request to correct the verdict was made by any party and failure to so request may be treated as an acquiescence in the verdict as rendered (*Wood* v. *Webster Paper & Supply Co.*, 284 App. Div. 169; *Savko* v. *Brooklyn & Queens Tr. Corp.*, 166 Misc. 84). Although the court was not empowered to change the jury's verdict, it could have ordered the jury to render a verdict that was complete and in proper form (*Dalrymple* v. *Williams*, 63 N. Y. 361). No complaint was made about the jury's apportionment of the damages. Had appellants done so while the jury was empaneled, the court could have directed that they return for further deliberation and submission of a proper verdict. Defendants should not be, now for the first time, heard to complain. (See *Toth* v. *Kennedy & Smith*, 259 App. Div. 855, 856, affd. 285 N. Y. 579; *Chapman* v. *Thirty-Ninth St. Realty Corp.*, 26 A D 2d 806.) The majority find error in a flat 30% reduction of the jury's verdict by the Trial Justice. The record justifies the reduction. Furthermore, the Judge's action was perfectly proper. This court, in a more momentous case, reduced an award of several million dollars by a flat 35%, by merely decreeing that the arbitrary reduction was being done "to properly reflect present value". (*Matter of City of New York* [*Fifth Ave. Coach Lines*] 34 A D 2d 930, 932.) The majority make reference to only one other error — the submission by the trial court of the text of certain sections of the Administrative Code to the jury without any explanation as to possible applicability. But an error in a trial is "no automatic signal for reversal and retrial". What must be shown to warrant a retrial is that a substantial right of a party is prejudiced. (See *People* v. *Kingston*, 8 N Y 2d 384, 387; CPLR 2002.) This record fails to establish any prejudicial or substantial error. "The monstrous penalty of a new trial" is a spectre to be avoided (1 Wigmore, Evidence [3d ed.], § 21, p. 395). The Judge's handling of the code may have been cavalier, but it hardly justifies the enormous burden of a new trial, particularly when, if tried again, we can unerringly predict a plaintiff's verdict. Furthermore, we have already a record of almost 600 printed pages; the trial lasted 10 days. True, faced with a battery of eight lawyers, the Trial Judge may have been quick in some of his rulings. But this most experienced and able Judge was, on the whole, correct, the trial was not unfair, and no one was prejudiced. By ordering a retrial at this late date the court may very well be depriving plaintiff of his day in court; already, one prime witness is dead, and the recollection of the others may be so dim as to be untrustworthy. And lastly, the majority's memorandum states that "some members of the court are of the opinion that the verdict is against the weight of the evidence, particularly in that a substantial part of the damage to the building was shown to have existed before

either of the appealing defendants undertook any work on the adjoining plot." I have carefully searched the record for substantiation of this statement. My search has been in vain. The only support therefor I can discern, is the unsubstantiated statement under the heading "Summary of the Evidence" at page seven of defendant Crimmins' brief. This is scarcely authority for such a conclusion. The judgment should be affirmed, with costs and disbursements to respondent.