■ BENJAMIN WONSCH, JR., et al., Respondents, et al., Plaintiff, v CATHERINE A. SNYDER et al., Appellants.—Judgment and orders unanimously affirmed, with costs. Memorandum: Defendants-appellants urge five points in their appeal from substantial verdicts in this negligence action. In their first two points they argue that the verdicts as to plaintiff-respondent Benjamin Wonsch, Jr., and plaintiff-respondent Battista are excessive as a matter of law. Both respondents were seriously injured and sustained a variety of permanent injuries. The jury's determination should not be disturbed unless it is "clearly excessive" *(MacArthur v Coxon Real Estate,* 28 AD2d 1191; see, also, *Riddle v Memorial Hosp.,* 43 AD2d 750, 751; *Sandor v Katz,* 27 AD2d 766, mot for lv to app den 19 NY2d 581). The amounts of the verdicts should not be reduced. Appellants next contend that it was error to have admitted the testimony of two physicians because they had not received copies of their reports before trial. Dr. Berman, a plastic surgeon, examined plaintiff Battista 10 days before the trial. Appellants Snyder objected to his testimony on the ground that Dr. Berman's report was not received until 10 minutes before trial. Our rule, 22 NYCRR 1024.25 (b) (1) dealing with delivery of reports, is designed to safeguard against surprise at trial. Dr. Berman did not treat respondent Battista prior to her examination by appellants' physicians. He was called to interpret the records of respondent's treating physician who was not available at the time of trial. The rule does not apply to the admission of Dr. Berman's testimony. It deals with the delivery of reports of the to-be-examined party's physicians who have previously treated the party for use of the opposing party's physicians at the scheduled examination, and, to that extent it codifies the pre-existing case law (see *Benedict v Misener,* 45 Misc 2d 119). It is not claimed that appellants did not receive a report from respondent Battista's attending physician and that Dr. Berman was being used to introduce records of the physician who is himself barred from testifying for failure to comply with this rule. Dr. Berman's testimony does not fall within the scope of the preclusion contained in 22 NYCRR 1024.25 (g). The testimony of Dr. Gormley, who treated respondent Battista for her eye problems, presents a more difficult question. Dr. Gormley first saw the respondent well before the service of the bill of particulars, a prerequisite to appellants' demand for a physical examination (22 NYCRR 1024.25 [a]). In these circumstances respondent was required to serve "copies of the reports" of Dr. Gormley. He testified that he never prepared a formal report and the trial court ruled that if no report was prepared, then section 1024.25 (b) (1) did not apply. Such an interpretation of the rule would emasculate it. The better construction of the rule is to require all of plaintiff's physicians who treated him prior to examination to prepare reports and serve them in compliance with paragraph 1 of subdivision (b). Thus, we have a technical violation of subdivision (g) of section 1024.25. However, preclusion of testimony under this subdivision may be avoided "for good cause shown". It developed at trial that the hospital records which were in evidence contained a detailed description of the injuries treated by Dr. Gormley and the services he

performed. It appears, therefore, that appellants were fully apprised of the injuries and damages Dr. Gormley would testify to and the introduction of his evidence was therefore not prejudicial. Appellants' fourth objection is that the court erred in charging irrelevant sections of the Vehicle and Traffic Law. It would have been preferable had the court not charged subdivisions (c) and (d) of section 1163. The trial court attempted to correct this situation by stating immediately that "the last two sections, of course, are not applicable here". We cannot agree with appellants' argument that this immediate disclaimer so confused the jury as to require reversal. Appellants' last contention is that it was error to receive the verdicts apportioning damages without the court having given the jury instructions as required by *Dole v Dow Chem. Co.* (30 NY2d 143). However, appellants made no objection to the form of the verdict until their posttrial motion seven days later. Failure of appellants to raise this objection when the error, if any, could be easily corrected militates against ordering a new trial on this ground *(Wood v Webster Paper & Supply Co.,* 284 App Div 169, 173). Moreover, since a *Dole v Dow* charge is merely an instruction to apportion the degree of fault (see PJI 2:275), it can reasonably be inferred that the jury did no more than apply the apportionment principle on its own initiative. (Appeals from judgment and orders of Niagara Supreme Court—automobile negligence.) Present—Marsh, P. J., Moule, Simons, Goldman and Witmer, JJ.