■ DAVID A. BOLM et al., Appellants, v TRIUMPH CORPORATION et al., Respondents.—Judgment unanimously reversed, on the law and facts, and a new trial granted, with costs to abide the event. Memorandum: Plaintiff appeals from a judgment in favor of defendants entered after a jury trial. The complaint alleges negligence, breach of express and implied warranty and strict liability in tort. It also alleges a derivative cause of action and an action for property damage. The matter is before us for the second time. In the first appeal (41 AD2d 54, affd 33 NY2d 151), we reversed a summary judgment in defendants' favor. Plaintiff received serious pelvic and genital injuries when the motorcycle he was driving, which was manufactured and distributed by defendants, collided with an automobile approaching him on a main highway. The accident occurred when the approaching vehicle made a left turn across plaintiff's lane of traffic. Upon impact plaintiff was thrown forward over the front wheel of his motorcycle and over the hood of the car, landing on the pavement. As he slid forward from the saddle, his hips and groin came first into contact with the gas tank between his legs and a metal package grid mounted on the tank. He claims that the negligent and defective design of the tank and the package grid proximately caused these injuries. Plaintiff alleges first that the verdict was against the weight of evidence, but we find no error in the court's refusal to set aside the verdict (see *Boyle v Gretch,* 57 AD2d 1047; *McDowell v Di Pronio,* 52 AD2d 749). Plaintiff next claims that the court's charge was erroneous. In charging the various causes of action on the four theories of liability alleged in the complaint, the court instructed the jury that before plaintiff could recover on any one of these theories the jury must find plaintiff free of contributory negligence. Plaintiff took exception to this instruction, contending that causative contributory negligence does not defeat plaintiff's right to recover in warranty or strict liability in tort. The established law is to the contrary. Before a plaintiff may recover under the theory of breach of warranty or strict liability in tort (and, of course, in negligence), he must prove that he is free of any negligence which caused or contributed to the cause of the accident *(Codling v Paglia,* 32 NY2d 330, 343-344; see *Micallef v Miehle Co.,* 39 NY2d 376, 381; *Bolm v Triumph Corp.,* 33 NY2d 151, 159, *supra).* Plaintiff alleges that the charge generally was so unclear that a reversal is required in the interests of justice (see *DiGrazia v Castronova,* 48 AD2d 249). The court commenced its charge in this two-week trial on Friday afternoon. The instructions lasted approximately two hours. After the jurors returned from dinner, they requested the court to explain negligence, implied and express warranty and strict liability in tort. The court complied by repeating its instructions on these complex theories of law for another 28 minutes. The jury then deliberated two hours and returned a verdict of no cause of action. While the several elements of the various causes of action

may be found in the charge, they were so interwoven and presented in such a confusing manner that the jurors could not have understood the difference between the cause of action grounded on negligence and the other causes of action sufficiently to make an intelligent decision on the matters submitted to them. Throughout the instructions and the supplemental instructions, the court referred repeatedly to contributory negligence and contributory fault in recapitulations of the various theories of liability without ever adequately differentiating these two concepts of causative negligence and fault in the use of the product. From the request for a complete recapitulation on the theories of liability shortly after the cause was submitted to them, it is obvious that the members of the jury were confused by the charge. The court recognized the complexity of the issues and repeatedly interrupted its instructions to observe how difficult the jury's task was. Indeed, in an effort to fix the various elements of proof in the jurors' minds, it instructed one juror to take notes on the "key" parts of the charge for the benefit of the other members of the jury, apparently leaving the selected juror to determine what were "key" parts and what were not. The responsibility for explaining the law rests upon the court, however, and not upon a designated lay juror who might or might not record statements of law accurately, and the court should not have directed the notetaking. This error and much of the confusion in the charge could have been eliminated if the court had carefully prepared interrogatories listing the elements of the various causes of action and requiring the jury to make specific findings with respect to each (see CPLR 4111, subd [c]; *Brandt Corp. v Warren Automatic Controls Corp.,* 37 AD2d 563; *Corbett v Brown,* 32 AD2d 27). Upon the retrial such interrogatories should be used. The failure of the court adequately to explain the fundamental principles of law to the jury requires a new trial in the interests of justice. (Appeal from judgment of Erie Supreme Court— negligence.) Present—Cardamone, J. P., Simons, Hancock, Denman and Witmer, JJ.