■ BERNARD TITLEBAUM, Individually and as Parent and Natural Guardian of ANDREW TITLEBAUM, et al., Appellants, v LOBLAWS, INC., Respondent. (Appeal No. 1.)—Judgment unanimously reversed, on the law and facts, and a new trial granted, with costs to abide the event. Memorandum: This products liability action is brought to recover damages for personal injuries sustained by plaintiffs when a bottle of cola exploded. The defendants are Loblaws, Inc., the retailer from whom the product was purchased, Anchor Hocking Corp., the manufacturer of the bottle, and Custom Beverage Packers, the bottler of the cola. Three theories of liability were alleged against Loblaws and Anchor Hocking: breach of implied warranty of merchantability, negligence, and strict products liability. The cause of action against Custom Beverage sounds in breach of warranty only. Anchor Hocking's motion during the trial to dismiss the "warranty" cause of action on the ground that there was not privity between it and plaintiffs was denied. The court charged the jury that it could find a breach of warranty against all three defendants, as well as negligence and strict products liability against Loblaws and Anchor Hocking. The jury ultimately returned a verdict in favor of plaintiffs solely against Anchor Hocking on the breach of warranty theory. The court then granted Anchor Hocking's motion to dismiss on the grounds that there was no proof of a particular defect in the manufactured product. Plaintiffs appeal from the judgment which dismissed their complaint against defendant Anchor Hocking. Plaintiffs also appeal from similar judgments in favor of Loblaws and Custom Beverage. In a products liability case it is established that plaintiffs need not prove a particular defect, if they have proven that the product has not performed as intended and have excluded all causes of the accident not attributable to the defendant (see *Halloran v Virginia Chems.,* 41 NY2d 386, 388). Also, it is now settled that lack of privity is a legitimate defense to a products liability action based on breach of warranty *(Martin v Dierck Equip. Co.,* 43 NY2d 583, 589-590). Until *Martin,* the line of demarcation in products liability cases between breach of warranty and negligence was blurred. This court has the power to review a charge from which no exception was taken,

although the minimal requirements of CPLR 4110-b may have been made *(Di Grazia v Castronova,* 48 AD2d 249, 251-252). While understandable, the failure of the court to explain adequately the applicable principles of law requires a new trial in the interests of justice *(Bolm v Triumph Corp.,* 58 AD2d 1014). On retrial, the court should consider the advisability of submitting special questions as to the elements of the various causes of action (see CPLR 4111, subd [c]; *Bolm v Triumph Corp., supra).* (Appeal from judgment of Monroe Supreme Court—negligence.) Present—Marsh, P. J., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.