although the minimal requirements of CPLR 4110-b may have been made (*Di Grazia v Castronova,* 48 AD2d 249, 251-252). While understandable, the failure of the court to explain adequately the applicable principles of law requires a new trial in the interests of justice *(Bolm v Triumph Corp.,* 58 AD2d 1014). On retrial, the court should consider the advisability of submitting special questions as to the elements of the various causes of action (see CPLR 4111, subd [c]; *Bolm v Triumph Corp., supra).* (Appeal from judgment of Monroe Supreme Court—negligence.) Present—Marsh, P. J., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.

■ BERNARD TITLEBAUM, Individually and as Parent and Natural Guardian of ANDREW TITLEBAUM, et al., Appellants, v ANCHOR HOCKING CORPORATION, Respondent. (Appeal No. 2.)—Judgment unanimously reversed, on the law and facts, and a new trial granted, with costs to abide the event. Same memorandum as in *Titlebaum v Loblaws, Inc.* (64 AD2d 822). (Appeal from judgment of Monroe Supreme Court—negligence.) Present—Marsh, P. J., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.

■ BERNARD TITLEBAUM, Individually and as Parent and Natural Guardian of ANDREW TITLEBAUM, et al., Appellants, v CUSTOM BEVERAGE PACKERS, Respondent. (Appeal No. 3.)—Judgment unanimously reversed, on the law and facts, and a new trial granted, with costs to abide the event. Same memorandum as in *Titlebaum v Loblaws, Inc.* (64 AD2d 822). (Appeal from judgment of Monroe Supreme Court—negligence.) Present—Marsh, P. J., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.

■ In the Matter of ANN M. KODYA, Respondent, v ANTHONY G. HARB, Appellant. ANTHONY G. HARB, Appellant, v ANN M. KODYA, Respondent.—Order unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: Respondent Anthony G. Harb appeals from an order of Family court which granted support in the amount of $25 per week on the petition of respondent's ex-wife for respondent's adopted daughter and natural child of petitioner Ann Kodya. The order appealed from also denied respondent's cross petition for support for his three natural children who had been adopted by petitioner. Shortly after the marriage of the parties Kodya adopted Harb's three children and Harb adopted Kodya's daughter. The parties lived together for a year and one-half and were divorced on February 7, 1975 following a separation which took place in April of 1974. The divorce decree granted custody of Harb's three natural children to him and custody of Kodya's daughter to her. No provision was made for support payments and the final ordering paragraph provided: "that all future matters relative to custody, visitation, support and/or abrogation of adoption, are hereby referred to the Onondaga Family Court, or the appropriate Family Court for determination." The petitions in the record are cast in the form of applications for modification of a Supreme Court matrimonial decree containing an order of support. On appeal the parties have assumed that section 466 of the Family Court Act applies, which would impose upon the respondent Ann Kodya a burden to establish the existence of changed circumstances which would justify the modification of the Supreme Court support provision *(Matter of Hazell v Hazell,* 48 AD2d 1006). The matrimonial decree in the instant case does not contain a provision for support for the infant Lisa Harb. Where there is not a support provision in the matrimonial decree with respect to a minor child, there is no necessity to establish changed circumstances as would be the case where an existing support order is sought to be modified (Family Ct Act, § 461, subds [a], [b]). Sections 413 and 414 of the Family Court Act require the