■ JOAN TERRY et al., Respondents, v MIDVALE GOLF AND COUNTRY CLUB et al., Appellants, and JOAN DI GIRO, Respondent. (Appeal No. 1.)— Judgment and order reversed and a new trial granted unless plaintiff Joan Terry shall within 20 days stipulate to reduce the verdict to the sum of $150,000 in which event the judgment is modified, accordingly, and, as modified, is, together with the order, affirmed, with costs to plaintiff. Memorandum: In this personal injury action, plaintiffs sued defendants Harley Davidson and Valley Leasing Company for damages on the theories of negligence, breach of warranty and strict products liability. They sued Midvale Golf and Country Club on the theories of negligence and breach of

warranty. Although the court's instructions to the jury were far from perfect, the only serious error preserved for our review by appropriate exception was the court's refusal to charge that plaintiffs were required to prove Joan Terry's freedom from contributory negligence before they could recover on the theory of strict products liability (see *Bolm v Triumph Corp.,* 58 AD2d 1014, 71 AD2d 429). That claim was predicated on evidence that plaintiff Joan Terry had knowledge (acquired months earlier) that the steering mechanism on the golf carts had a tendency to lock in a turning position, and that with that knowledge she turned her back on defendant Di Giro's golf cart while proceeding to enter the cart in which she was riding. We doubt that a finding of contributory negligence could be supported on that limited proof, but even if it could, the jury necessarily found Mrs. Terry free of fault when it ruled in her favor against the defendant Midvale Golf and Country Club on the negligence and breach of warranty causes of action asserted against it. We conclude, however, that the verdict for plaintiff Joan Terry is excessive and reverse and order a new trial unless the parties stipulate to reduce the verdict to the sum of $150,000. All concur, except Schnepp and Callahan, JJ., who dissent and vote to affirm. (Appeals from judgment of Monroe Supreme Court—personal injuries.) Present—Simons, J. P., Hancock, Jr., Schnepp, Callahan and Witmer, JJ.