■ WALTER NOGA et al., Appellants, v MONROE MEDI-TRANS, Respondent. (Appeal No. 1.) — Judgment affirmed, without costs. Memorandum: In this action to recover damages for personal injuries, the trial court properly charged the jury on comparative negligence (CPLR 1411; PJI 2:36) but was not requested to and did not require the jury to specify its findings as to the percentage of fault attributable to plaintiff or the total amount of damages suffered by plaintiff. The jury expressly found negligence in the conduct of both parties and rendered a general verdict in plaintiff's favor. In the absence of any indication by the jury either of the total amount of damages sustained by plaintiff or the degree of culpable conduct, we cannot determine on this appeal: (1) whether the jury's verdict with respect to the apportionment of fault is against the weight of the evidence; and (2) whether the damages awarded are so inadequate as to shock the conscience of the court. There was no objection to the form of the verdict or to the instructions of the court to the jury (CPLR 4017, 4110-b). It is within the discretion of the trial court to direct a jury to return a general or special verdict (CPLR 4111; *Johnson v Artkraft Strauss Sign Corp.,* 45 AD2d 482) and a failure to object to the form of the verdict militates against granting a new trial *(Wonsch v Snyder,* 53 AD2d 1031, 1032). In actions where issues of comparative negligence are involved, trial courts should direct the jury to return either a special verdict (CPLR 4111, subd [b]) or a general verdict accompanied by answers to interrogatories (CPLR 4111, subd [c]) to permit more precise appellate review (cf. *Titlebaum v Loblaws, Inc.,* 64 AD2d 822, 823; *Bolm v Triumph Corp.,* 58 AD2d 1014, 1015; 1 NY PJI2d 45-46 [Cumulative Supplement, Oct., 1980]). All concur, except Callahan, J., who dissents and votes to reverse and grant a new trial, in the following memorandum.

Callahan, J. (dissenting). I agree with the principles enunciated in the majority memorandum; however, in my view it is an injustice to affirm this verdict. The majority stress the obligation which the trial court should perform, yet permit a harsh and shocking result to stand when the court fails to comply with the promulgated criteria. A $500 general verdict in favor of the plaintiff, who sustained serious and permanent injury including limitation of motion resulting from a fractured wrist, is shocking to one's conscience as grossly inadequate, without any knowledge of the percentage of the respective fault attributable to the plaintiff and defendant. Since we may not speculate or

arbitrarily assign percentage of fault, a new trial is mandated which will determine proper allocation of fault between these litigants. The error was so fundamental that a new trial should be granted in the interest of justice (see *Titlebaum v Loblaws, Inc.,* 64 AD2d 822, 823; *Bolm v Triumph Corp.,* 58 AD2d 1014, 1015; *Di Grazia v Castronova,* 48 AD2d 249). (Appeal from judgment of Monroe Supreme Court — negligence.) Present — Dillon, P. J., Schnepp, Callahan, Doerr and Witmer, JJ.