THOMAS RADTKE, Appellant, v HIROKO YOKOSE et al., Doing Business as HIRO'S JAPANESE RESTAURANT, Respondents.

Third Department, June 10, 1982

APPEARANCES OF COUNSEL

*Tabner, Carlson, Farrell & Cholakis* (*Paul J. Laudato* of counsel), for appellant.

*Carter, Conboy, Bardwell, Case & Blackmore* (*Dennis A. First* of counsel), for respondents.

OPINION OF THE COURT

MAIN, J.

On the evening of February 26, 1978 plaintiff and three friends drove to the defendant restaurant in the Town of Colonie. After parking the car they proceeded along a walkway leading to the restaurant entrance. The weather was mild, fresh snow had fallen and the walkway was described as being wet and slushy. The group had dinner and plaintiff testified that he consumed approximately four drinks while there. Plaintiff testified that when the group left the restaurant the temperature had dropped

appreciably to a point below freezing and that as a result the walkway had become icy and slippery. While following the others en route to the car, plaintiff slipped and fell and as a result fractured his left leg just above the ankle. Plaintiff commenced the instant action for personal injuries and, after a trial, was awarded $5,000 in damages by the jury.

Plaintiff appeals from the judgment entered and from the denial of his motion to set the verdict aside and for a new trial, asserting that the verdict was compromised, that it failed to take into account the proven damages and that it was grossly inadequate as a matter of law.

This record reveals that the trial court properly charged the jury on the applicable law and included instructions on the doctrine of comparative negligence (CPLR 1411). A general verdict was called for by the instructions and there was no request on the part of either party for a special verdict or for interrogatories with answers to be provided by the jury. The Trial Judge, in an action such as this where issues of comparative negligence are involved, is better advised to and should direct the jury to return either a special verdict (CPLR 4111, subd [b]) or a general verdict accompanied by answers to interrogatories (CPLR 4111, subd [c]) so as to permit precise appellate review (*Noga v Monroe Medi-Trans,* 78 AD2d 988, app dsmd 53 NY2d 916). However, CPLR 4110-b affords to either party the opportunity, at the close of the evidence or earlier if the Trial Judge permits, to file written requests that the court instruct the jury on the law as set forth in the request. Also afforded thereby is the opportunity for either party at the conclusion of the charge, but before the jury retires, to state any matter to which he objects and the grounds therefor, and "[n]o party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict".

At bar, plaintiff, for some reason, tactical or otherwise, made no request for a special verdict or for answers to interrogatories to be submitted and took no exception to the charge, thereby indicating his apparent satisfaction with the delivered instructions. Only after the jury had rendered its verdict did plaintiff request the court to ascer-

tain from the jury whether it had applied the doctrine of comparative negligence and what determination had been made as to the percentage of negligence between the parties. The court, after ascertaining from the jury that it had applied the instructions as to comparative negligence, denied plaintiff's further request and properly so, since the verdict had been rendered and under the circumstances the issue had passed beyond recall (CPLR 4110-b; cf. *Caprara v Chrysler Corp.,* 71 AD2d 515, 524, affd 52 NY2d 114). Plaintiff's dilemma stems from his own election not to request a special verdict calling for specific findings as to the percentage of fault attributable to the respective parties, and the general verdict rendered as a result of this election deprives this court of the opportunity to properly address the issues he seeks to raise on this appeal (*Collins v Weinberg,* __ AD2d __ [decided herewith]; cf. *Noga v Monroe Medi-Trans,* 78 AD2d 988, *supra*).

Plaintiff received a fair trial under procedures he assented to and the verdict was one which reasonable people could have rendered after reviewing the conflicting evidence. Accordingly, we should not interfere with the result (cf. *Muth v J. & T. Metal Prods. Co.,* 74 AD2d 898, mot for lv to app dsmd 51 NY2d 745).

The judgment and order should be affirmed, with costs.

SWEENEY, J. P., MIKOLL, YESAWICH, JR., and WEISS, JJ., concur.

Judgment and order affirmed, with costs.