■ JAY COLLINS, Respondent, v WINIFRED P. WEINBERG, Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered June 10, 1981 in Madison County, upon a verdict rendered at Trial Term (Ellison, J.). In this action arising out of an accident between a motorcycle owned and operated by plaintiff and an automobile owned and operated by defendant, the jury found both parties negligent and returned a general verdict awarding plaintiff $32,500. On appeal, defendant contends that in the absence of a special verdict or interrogatories stating the percentage of culpability attributed to each party and/or the total amount of damages found before the reduction for plaintiff's culpable fault, it is impossible for this court to determine whether the apportionment of culpable fault was against the weight of the evidence or whether the award of damages was excessive. While we agree with this contention, defendant has waived her objection by failing to request a special verdict or that interrogatories be submitted to the jury and by failing to adequately inform the trial court of her objection to the form of the verdict at a time when the defect could be cured *(Radtke v Yokose,* 87 AD2d 220; *Noga v Monroe Medi-Trans,* 78 AD2d 988, app dsmd 53 NY2d 916). The trial court's initial charge adequately advised the jury of the role comparative negligence should play in the deliberations, but it did not direct the jury to return a special verdict; nor did it submit interrogatories. Defendant indicated that she had no objections or requests to charge. During its deliberations, the jury asked the trial court whether it could "submit a settlement figure" less than the amount requested by plaintiff. The trial court instructed the jury that the amount requested by plaintiff was irrelevant and again included instructions on comparative negligence. Again, defendant made no objection or request. Following the verdict, the trial court asked the jury whether it had "taken into consideration the comparative negligence and assigned a degree of blame to the plaintiff", to which the jury responded that it had. Defendant asked the trial court whether the jury's finding meant that both parties were equally negligent and the trial court again asked the jury whether it had taken into consideration the percentage of the plaintiff's negligence in arriving at the final damages figure. The jury stated that it had, but no percentage figure was mentioned, and defendant indicated that she had no further requests before the jury was discharged. Failure to object to the form of the verdict when the defect could easily be corrected militates against ordering a new trial *(Wonsch v Snyder,* 53 AD2d 1031, 1032), and in view of the evidence of defendant's conduct and plaintiff's injuries, we see no reason to order a new trial in the interests of justice *(Noga v Monroe Medi-Trans, supra).* Judgment affirmed, with costs. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.