■ LIONEL DYKSTRA, Appellant-Respondent, v TOWN OF MADISON, Respondent-Appellant, et al., Defendant. — Cross appeals from a judgment of the Supreme Court in favor of plaintiff, entered June 5, 1981 in Madison County, upon a verdict rendered at Trial Term (Zeller, J.). At the close of all testimony in this negligence action, Trial Term instructed the jury. Neither of the parties made any requests or exceptions to the charge as given. Subsequently, the jury returned a verdict in favor of plaintiff for $15,000. In response to Trial Term's inquiry, the jury indicated that it had considered plaintiff to be partially at fault and that it had accordingly reduced the verdict by the percentage of plaintiff's negligent conduct. Although neither party requested a polling of the jury, defense counsel requested that special findings be made as to the percentage of plaintiff's negligence. In response to questions posed by Trial Term, the jury stated that the full amount of damages sustained by plaintiff was $7,500 and that he was 50% negligent. Trial Term then informed the jury that their general verdict was inconsistent with the above answers. Upon further deliberation, the jury again rendered an inconsistent verdict, this time finding the full amount of damages to be $15,000; plaintiff's culpable conduct to be 50%; and the amount of damages awarded to plaintiff to be $15,000. After further deliberation, the jury returned with a consistent verdict, awarding plaintiff $7,500. After the jury was excused, defense counsel moved to set aside the verdict. Counsel for plaintiff then registered an objection, arguing that the court should have directed entry of the original verdict. These motions were denied and the instant cross appeals ensued. Plaintiff argues that the jury's initial verdict of $15,000 was entirely proper and should have been allowed to stand. Plaintiff, however, never objected to either defense counsel's request for special findings or to the court's decision to grant said request. Accordingly, plaintiff has waived the objection (cf. *Noga v Monroe Medi-Trans,* 78 AD2d 988, app dsmd 53 NY2d 916). Further, once the jury returned answers to the interrogatories which were inconsistent with its general verdict, Trial Term properly ordered further deliberation (see CPLR 4111, subd [c]; *Bischert v*

*Limousine Rental Serv.,* 33 AD2d 355). Defendant contends that the court erred when it refused to enter a verdict in favor of plaintiff for $3,750. Specifically, defendant argues that the jury's answers to the first set of interrogatories were consistent and, therefore, should have been utilized in computing the damages to be awarded plaintiff. This argument is without merit. Although the answers to the first set of interrogatories may have been consistent with each other, they were inconsistent with the general verdict initially rendered. This being the case, Trial Term was well within its authority to direct further deliberation by the jury (CPLR 4111, subd [c]). However, upon the rendering of a consistent verdict, Trial Term properly exercised its discretion in directing entry thereof (see *Kennard v Welded Tank & Constr. Co.,* 25 NY2d 324). Judgment affirmed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.