■ PAUL R. SCOTT, Appellant, v PERSHING CONSTRUCTION Co. INC., et al., Respondents. (And a Third-Party Title.)—In an action to recover damages for personal injuries, plaintiff appeals from (1) a judgment of the Supreme Court, Nassau County (Christ, J.), dated March 9, 1984, which, after a jury

trial, was in favor of defendants and (2) an order of the same court, dated May 9, 1984, which denied his motion for a new trial under CPLR 4404.

Judgment and order reversed, plaintiff's motion granted and new trial directed, with the issues of liability and damages to be tried together, with costs to abide the event.

During the liability phase of the bifurcated trial of this negligence action, plaintiff testified that he tripped on a loose board and fell down the stairs at a construction site where he was employed as a structural iron worker. The only other witness to the actual occurrence testified, on behalf of defendants, that he and plaintiff had planned the incident to make it look like an accident so that plaintiff could get out of that line of work, and that, in actuality, plaintiff ran down the stairs and laid down on the landing, pretending to be injured. The witness was then permitted to testify, over objection, that plaintiff continued to work at his snow-removal and fencing business after the alleged accident. At this point in the trial, plaintiff sought to offer his hospital records into evidence in an effort to disprove defendants' claim that the accident never occurred. The trial court, however, refused to permit evidence of injuries during the liability phase of the trial. In rebuttal, plaintiff testified that the accident had, in fact, occurred and that, while he still ran his snow-removal and fencing businesses, he has not done any of the labor himself since the accident. On cross-examination, defendants were permitted to offer into evidence several invoices from plaintiff's businesses. On surrebuttal, defendants' witness testified that he saw plaintiff engage in manual labor with regard to at least one of those invoices. The jury returned a verdict in favor of defendants.

The trial court erred in refusing to permit introduction of evidence of injuries to rebut defendants' claim that plaintiff received no injuries. Although this evidence was offered during the liability phase of the bifurcated trial, such evidence is nonetheless admissible where the nature of the injuries has an important bearing on the issue of liability (*Costa v Hicks,* 98 AD2d 137; *Schwartz v Binder,* 91 AD2d 660). At bar, once defendants offered evidence that no accident had occurred, evidence of an injury was a necessary part of plaintiff's case on liability and, thus, plaintiff should have been permitted to offer such evidence (*cf. Curry v Moser,* 89 AD2d 1; *Naumann v Richardson,* 76 AD2d 917, *appeal dismissed* 54 NY2d 680).

The trial court also erred in denying plaintiff's request to

charge the jury that defendants Pepitone and Pershing were the owner and general contractor, respectively, within the meaning of Labor Law § 241 (6) and, as such, were responsible for the placement of boards on the steps at the construction site. Although these facts were undisputed by defendants, the testimony on this issue was unclear and the court's charge was a confusing abstraction of law made without adequate application to the facts of the case (see, Green v Downs, 27 NY2d 205). The jury's confusion was evidenced by its request, during deliberation, for a reading of defendant Thomas Pepitone's testimony, which related solely to the identification of the owner and general contractor, and to the party responsible for the placement of the boards. Due to the very real possibility that the jury's verdict for defendants was based on the erroneous conclusion that defendants were not required to provide reasonable and adequate protection and safety to those working at this construction site, the court's refusal to charge otherwise constitutes reversible error in its own right.

Since, at bar, proof of liability and damages are "inextricably intertwined", plaintiff's motion for a new trial wherein both issues are to be tried together is hereby granted. Brown, J. P., O'Connor, Weinstein, and Rubin, JJ., concur.