■ DANIEL F. ZITO et al., Respondents, v NEW YORK STATE

ELECTRIC & GAS CORPORATION, Appellant.—Main, J. Appeal from a judgment of the Supreme Court in favor of plaintiffs, entered April 12, 1985 in Sullivan County, upon a verdict rendered at Trial Term (Williams, J.).

At about 10:45 P.M. on June 28, 1982, plaintiff Daniel Zito (hereinafter plaintiff) was driving along Pump Station Road in Sullivan County when his vehicle came in contact with a replacement utility pole which had been left lying along or upon the highway by one of defendant's crews. The evidence established that, at the time of the accident, the pole extended onto the traveled portion of the highway. As a result of the contact, plaintiff's vehicle was directed across the highway and came to rest in a ditch and up against the adjacent highway bank. As a consequence, plaintiff was seriously injured and commenced this action for personal injuries and his wife joined to bring her derivative action. At the conclusion of the trial, after finding defendant solely responsible for the accident, the jury awarded plaintiff $500,000 in his personal injury action and awarded his wife $75,000 in her derivative action.

On appeal, defendant does not quarrel with the jury's resolution of the liability aspect but seeks a new trial solely on the issue of damages, contending that the trial court erred in permitting the jury to consider possible business damages which plaintiff and his wife might have suffered, in denying defendant's request in reference to plaintiff's duty and obligation to mitigate his damages, and in refusing a request for a present value charge. Defendant urges that these errors caused the jury to arrive at an excessive verdict.

As to the first alleged error, we note that at the "request for charge conference", defendant expressed its objection to the speculative nature of the claim of lost business profits from the restaurant business operated by plaintiff and his wife. The trial court advised that it would give a proper charge on that issue and defendant's counsel, apparently satisfied, sought no specifics or clarification and noted no exception. At the close of the court's charge, defendant took no exception to this portion of the charge nor did defendant, in any manner, demonstrate his discontent with the charge before the jury retired, although the opportunity to do so was presented. In our view, this inaction, silence and failure to except, at the conclusion of charge, constituted a waiver of defendant's right to raise the issue on appeal, since a party may not obtain appellate review of a charge which was given or omitted "unless he objects thereto before the jury retires to consider

its verdict" (CPLR 4110-b; *see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 317; *Emmons v County Lincoln Mercury Sales,* 111 AD2d 213, 214; *Radtke v Yokose,* 87 AD2d 220, 221). Defendant should have renewed the objection made at the charge conference after the charge was completed. Although, under certain circumstances, we are empowered to review and grant a new trial, we find the alleged error, in light of the entire charge, not so fundamental as to require consideration in the interest of justice *(see, Chiesi v Lumbermens Mut. Cas. Co.,* 97 AD2d 884), nor was there a resultant injustice *(see, Kazales v Minto Leasing,* 61 AD2d 1039) warranting our review and reversal.

We agree with defendant's second contention that the trial court erred in refusing defendant's request for an expanded charge on the issue of mitigation of damages. While not erroneous, the court's charge on the subject was entirely too brief and in need of elaboration. However, there was no indication that the jury was confused, as evidenced by the fact that there was no request by the jury for a rereading of this or any portion of the charge or for clarification, nor did the jury present any question to the court nor was there any misdirection *(see, Haefeli v Woodrich Eng. Co.,* 255 NY 442, 445; *Scott v Pershing Constr. Co.,* 112 AD2d 279, 281). Accordingly, we find the error to have been harmless.

We find no error in the trial court's failure to honor defendant's request for a charge on present value. As the court indicated and as the record reveals, there was absolutely no proof which would justify or mandate such a charge.

Lastly, we are unable to conclude that the verdict was excessive. This court has no right to interfere with a verdict upon the ground that it is excessive unless it is so excessive as to shock the conscience of the court *(Fredericks v California Fruit Co.,* 99 AD2d 596; *Keefner v City of Albany,* 77 AD2d 747, 749, *lv denied* 52 NY2d 704). The evidence vividly portrayed plaintiff as a remarkable young man with a good mind and a strong body, with boundless energy and ambition. His accomplishments portended a bright future. His injury, however, forever precludes him from the pursuit of his chosen endeavors at which he had been successful, and pain will be a constant companion. Even attempts at more sedentary pursuits are hampered by his inability to remain in a sitting position for an extended time. In view of all of the circumstances, we do not find the verdict to be excessive.

Judgment affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.