■ FRANCINE GERSHON, Appellant, v SOUTH NASSAU COMMUNITIES HOSPITAL et al., Respondents.—In a medical malpractice action to recover damages for wrongful death, etc., the plaintiff appeals, as limited by her notice of appeal and brief, from (1) so much of an order of the Supreme Court, Nassau County (Widlitz, J.), dated April 30, 1984, as denied her cross motion for an order of preclusion, an order deeming the issue of the

administration of heparin resolved in her favor and an order vacating the medical malpractice panel's recommendation of no liability with respect to the defendant Long Island Jewish Medical Center, on the ground that said defendant failed to comply with a prior order of the same court, and (2) from a judgment of the same court (Wager, J.), dated January 22, 1985, which is in favor of the defendants and against her, upon a jury verdict.

Appeal from the order dated April 30, 1984 dismissed (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Judgment affirmed.

The defendants appearing separately and filing separate briefs are awarded one bill of costs.

The plaintiff's decedent died of an acute pulmonary embolism in the intensive care unit of the defendant Long Island Jewish Hillside Medical Center about 6½ hours after being transferred there from the cardiac-care unit of the defendant South Nassau Communities Hospital. The transfer was recommended following a diagnosis of multiple massive pulmonary emboli. The instant action was brought on the theory that the defendants failed to administer to the decedent the drug heparin, which is the primary treatment for a patient with a pulmonary embolism. The jury found for the defendants. On this appeal the plaintiff contends that various evidentiary errors denied her a fair trial.

The trial court did not err in admitting into evidence certain laboratory slips of patients other than the decedent. The record indicates that this evidence was introduced only after the plaintiff challenged the genuineness of a laboratory worksheet which contained information tending to show that heparin had been administered to the decedent at Long Island Jewish Medical Center after his arrival there. The laboratory slips contained data which coincided with that in the worksheet challenged by the plaintiff and the names of the patients were redacted. The plaintiff concedes that she was not prejudiced by the admission of the redacted laboratory worksheet itself which was properly admitted as secondary evidence (see, Dependable Lists v Malek, 98 AD2d 679, 680).

The plaintiff's contentions that the trial court admitted evidence which should have been excluded due to the defendants' alleged failure to comply with prior disclosure orders

are without merit. The record indicates that the defendants did not refuse to obey an order for disclosure or willfully fail to disclose information which the court found ought to have been disclosed, pursuant to notice *(see,* CPLR 3126; *Mancusi v Middlesex Ins. Co.,* 102 AD2d 846).

Additionally, the record indicates that the plaintiff unreasonably sought to conduct discovery throughout the trial. The plaintiff made no motion for leave to conduct discovery proceedings *(see,* 22 NYCRR former 675.7, now 202.21), and there was no indication that any unusual or unanticipated circumstances existed which might permit such a motion to be granted *(see, Bovsun v Sanperi,* 112 AD2d 125, 126; *Ehrhart v County of Nassau,* 106 AD2d 488; *Kirk v Blum,* 79 AD2d 700).

The trial court did not abuse its discretion in limiting the plaintiff's examination of the physician on the medical malpractice panel. The plaintiff explicitly sought to make the physician an expert witness. It is improper to do so *(see, Bernstein v Bodean,* 53 NY2d 520, 529).

We have considered the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Brown, Weinstein and Rubin, JJ., concur.