■ NOELLE MCATEER, an Infant, by WALTER MCATEER, Her Father and Natural Guardian, Appellant, v ARDEN HILL HOSPITAL et al., Respondents.—Harvey, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Hickman, J.), entered June 12, 1989 in Orange County, upon a verdict rendered in favor of defendants.

Plaintiff in this medical malpractice action was born on October 31, 1981 at defendant Arden Hill Hospital following a placental abruption, a condition in which a normally implanted placenta prematurely separates from the uterine wall. Plaintiff was born in a severely depressed state and, upon taking her first breath, apparently inhaled an undetermined quantity of the meconium (fetal feces) that thickly covered her at birth. The obstetrician, defendant Roger L. Spark, initially used a bulb syringe to clear plaintiff's nose and mouth. He then used a De Lee catheter to suction the meconium from plaintiff's throat. When plaintiff continued to have trouble breathing, Spark first administered oxygen followed by more oxygen with positive pressure. Plaintiff was then taken to the nursery where a pediatrician, defendant Norman Stein, also examined her. Plaintiff's condition apparently deteriorated throughout the day until she ultimately suffered a cardiac arrest. Although plaintiff was revived, she suffered hypoxic brain damage.

Thereafter, this action was commenced wherein it was principally alleged that Spark and Stein were negligent in failing to intubate plaintiff and remove the meconium through the use of endotracheal suction. According to plaintiff, this

failure allegedly caused the brain damage. Spark, Stein and the hospital maintained, however, that their management of plaintiff was in all respects appropriate and that the hypoxic brain damage had occurred prior to the birth because of the placental abruption. At the conclusion of trial, the jury found that neither Spark, Stein nor the hospital departed from good and accepted medical practice in the community. This appeal by plaintiff followed.

Initially, plaintiff contends that Supreme Court impermissibly restricted the scope of plaintiff's examination of two physician members of the medical malpractice panel convened in this case. The panel's nonbinding recommendation was that the jury's verdict be "no liability". Both panel physicians basically testified that they did not specifically remember or only vaguely recalled the facts of the instant case, and they were unsure as to what documents the panel reviewed prior to rendering its decision. Plaintiff's counsel then attempted to use hospital charts and records to ask the physicians whether a particular factor or test result formed the basis for the panel's opinion. Supreme Court disallowed certain questions posed by counsel on the ground that, while counsel was clearly permitted to inquire as to the basis for the panel's opinion at the time it was rendered, counsel could not use hospital records to recreate the panel at trial, thereby making the panel physicians expert witnesses.

In our view, Supreme Court's ruling was in all respects proper. Pursuant to Judiciary Law § 148-a, physician panel members may be called as witnesses "by any party with reference to the recommendation of the panel only" (Judiciary Law § 148-a [8]).[1] This provision allows broad examination of the panel members "on any matter which will reasonably assist the triers of fact in assessing the probative worth of the panel recommendation" *(Bernstein v Bodean,* 53 NY2d 520, 523). The scope of such examination, however, is not unlimited. First, a party may not make a panel member an expert witness on his or her own behalf and, second, it must be remembered that "the scope and manner of interrogation are committed to the Trial Judge in the exercise of his responsibility to supervise and to oversee the conduct of the trial" *(supra,* at 529; *see, Felner v Shapiro,* 94 AD2d 317, 323; *Ellenberger v Pena,* 88 AD2d 373, 375-376). Here, we find Supreme Court's

---

1. Although plaintiff questions the constitutional validity of this provision, the Court of Appeals has determined that the nonbinding recommendation of the panel does not deprive a plaintiff of the constitutional right to a meaningful jury trial *(see, Treyball v Clark,* 65 NY2d 589, 590).

limitations on examination reasonable and well within that court's discretion. While plaintiff's counsel was clearly entitled to broadly explore the basis for the panel's opinion at the time it was rendered *(see, Ceriello v Brunswick Hosp. Center,* 157 AD2d 701, 702), this did not permit counsel to turn panel members into expert witnesses at trial *(see, Gershon v South Nassau Communities Hosp.,* 122 AD2d 932, 934).

Plaintiff's remaining arguments have been examined and found to be unpersuasive. Any objection to Supreme Court's charge as to the "locality rule"[2] was waived due to plaintiff's failure to object to the charge as given (CPLR 4110-b; *see, Zito v New York State Elec. & Gas Corp.,* 122 AD2d 499, 500-501). While it is true that this court may reverse an alleged error in the interest of justice *(see, Zito v New York State Elec. & Gas Corp., supra,* at 501), given that the applicable charge in this case is practically verbatim to that contained in the New York Pattern Jury Instructions *(see,* 1 NY PJI 2.150, 2.151, at 390-391, 400), we see no evidence of an error so fundamental as to warrant a new trial.

Judgment affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.

---

2. As enunciated by the Court of Appeals in *Toth v Community Hosp.* (22 NY2d 255), the locality rule requires that a physician conform to "accepted community standards of practice" and, further, "use his best judgment and whatever superior knowledge, skill and intelligence he has" in the treatment of his patients *(supra,* at 262).