■ MICHAEL KELLY, Respondent, v ALAN TARNOWSKI, Appellant. [624 NYS2d 504] —Order and judgment unanimously reversed in the exercise of discretion without costs and new trial granted. Memorandum: City Court erred in its instruction on comparative negligence in this personal injury action. The example provided by the court to illustrate the method for assigning percentages of fault was confusing and mathematically incorrect. The court also erred in adding an instruction for "Damages for Shock and Fright and Physical Consequences Thereof" (PJI 2:284) to its instruction on pain and suffering in the absence of any evidence that plaintiff's injury caused emotional or neurological sequelae. Further, the court's charge on lost earnings was too cursory to provide adequate guidance to the jury. The court further erred in failing to instruct the jury that plaintiff was not entitled to recover for economic loss if plaintiff's past lost earnings were less than $50,000 *(see,* Insurance Law § 5104 [a]; *Ellis v Johnson Motor Lines,* 198 AD2d 258, 259). Finally, the court erred in failing to instruct the jury to itemize each element of the damages awarded *(see,* CPLR 4111 [f]; *see also,* 1 NY PJI2d 81 [1995 Supp]).

The absence of an itemized verdict precludes meaningful appellate review of the court's erroneous jury instructions *(see, Steidel v County of Nassau,* 182 AD2d 809, 813-814; *Russo v Rifkin,* 113 AD2d 570, 573-574; *Mertsaris v 73rd Corp.,* 105 AD2d 67, 88). Although defendant has not preserved those issues for review, we reach them in the interest of justice because the errors of the court in instructing the jury were so fundamental as to preclude a proper consideration of the central issues concerning liability and damages *(see, Veal v*

*New York City Tr. Auth.,* 148 AD2d 443, 445; *Makovitzky v Spataro,* 139 AD2d 704, 705; *Decker v Rassaert,* 131 AD2d 626; *Iaunow v Hearns,* 117 AD2d 992; *Rivera v Bronx-Lebanon Hosp. Ctr.,* 70 AD2d 794, 796).

The court's further error in permitting plaintiff's medical expert, Dr. Bax, to testify concerning plaintiff's medical condition also requires reversal of the damages award. At trial, Dr. Bax testified that his purpose in testifying was to render an opinion regarding the nature and extent of plaintiff's injuries based upon his review of the records of plaintiff's treating physician. A medical expert may testify regarding a party's injury without an exchange of his medical report if the expert's testimony is based solely upon the records already in evidence and not upon his examination of the injured party *(Markey v Eiseman,* 114 AD2d 887, 888; *Byczek v City of New York Dept. of Parks,* 81 AD2d 823). Dr. Bax testified, however, that his opinion was also based upon his examination of plaintiff earlier that day. Over the objection of defense counsel, the court permitted Dr. Bax to examine plaintiff again in front of the jury. Dr. Bax then testified about the nature and extent of plaintiff's injuries based upon his own examinations.

Although plaintiff did not furnish Dr. Bax's medical report because Dr. Bax did not prepare one, that did not obviate plaintiff's obligation under 22 NYCRR 202.17 to provide one to defendant *(see, Ciriello v Virgues,* 156 AD2d 417, 418). Otherwise, the rule would be vitiated *(see, Wonsch v Snyder,* 53 AD2d 1031). Although the court could have allowed the testimony "in the interests of justice and upon a showing of good cause" (22 NYCRR 202.17 [h]; *see, Wonsch v Snyder, supra),* plaintiff failed to make such showing.

In light of our determination, we do not reach defendant's remaining contentions. (Appeal from Order of Niagara County Court, Hannigan, J.—Negligence.) Present—Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.