■ NANCY J. MONAGHAN, as Administratrix of the Estate of HUGH M. MONAGHAN, Deceased, Appellant, v JAMES K. YANG, Respondent.—In a medical malpractice action, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered June 5, 1984, which, after a jury trial, is in favor of the defendant.

Judgment affirmed, with costs.

The plaintiff's principal contention on appeal is that she was deprived of a fair trial by the defendant's examination of the physician member of a medical malpractice panel which had made a unanimous finding of liability. The doctor, who was called as a witness by the defendant, stated that he had thought that the function of the panel was to determine whether there was a "potential case" against the defendant as opposed to making a determination of actual liability. The doctor testified that he could not decide whether the defendant was in fact liable for malpractice.

This examination did not deprive the plaintiff of a fair trial. An examination of a panel member "is authorized as to any matter which may reasonably assist the triers of fact in judging the significance and probative worth properly to be accorded the panel's recommendation" (Bernstein v Bodean, 53 NY2d 520, 528). In this case, the jury was entitled to have the opportunity to consider whether the panel vote was influenced by the doctor's erroneous beliefs concerning the function of the panel (cf. Ellenberger v Pena, 88 AD2d 373).

The plaintiff's reliance upon Felner v Shapiro (94 AD2d 317) is misplaced. In Felner, the court's determination that the plaintiff had been deprived of a fair trial was based not on the panel doctor's change of position, but on the fact that the panel doctor was used by the defendant as his own expert witness. The defendant in Felner induced the doctor to impeach the panel's finding by supplying him with new evidence not considered by the panel and to which the plaintiff was not given an opportunity to respond.

In the case at bar, in contrast, the panel doctor's turnabout was not caused by his being supplied with new evidence, but by his own initial misconception of the role of the malpractice panel. Such evidence was relevant to the jury's consideration of the panel recommendation and was properly admitted (see, Bernstein v Bodean, 53 NY2d 520, supra).

Given the conflicting evidence adduced at trial, particularly the sharply divergent views of the expert witnesses for the respective parties, we find no error in the trial court's denial of the plaintiff's motion to set aside the jury verdict as being against the weight of the evidence *(see, Nicastro v Park,* 113 AD2d 129; *Chodos v Flanzer,* 109 AD2d 771).

We further note that the court's charge was in all respects proper. Rubin, J. P., Lawrence, Eiber and Spatt, JJ., concur.