■ DANIEL CERIELLO, Appellant, v BRUNSWICK HOSPITAL CENTER, INC., et al., Defendants, and KADANDALE R. SHETTY, M.D., P. C., et al., Respondents.—In a medical malpractice action, the plaintiff appeals from an order of the Supreme Court, Nassau County (Meade, J.), dated December 15, 1988, which granted the respondents' motion to vacate the findings of a medical malpractice panel, and directed that a new panel be convened to review the matter.

Ordered that on the court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, the application is referred to Justice Eiber, and leave to appeal is granted by Justice Eiber; and it is further,

Ordered that the order is reversed, on the law, with costs, the panel finding is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

Following a unanimous finding by a medical malpractice panel of the respondents' liability, the physician member recanted his original determination in a letter sent to the respondents' counsel. Based upon the letter and the fact that the physician member of the panel was an otolaryngologist, rather than a neurologist, the specialty of the respondent

doctor, the respondents moved for vacatur of the finding of the panel and for a de novo hearing before a new panel.

The fact that the physician member of the panel was not of the same medical specialty as the respondent doctor is of no legal significance *(see, Kletnieks v Brookhaven Mem. Assn.,* 53 AD2d 169, 174-176). Moreover, the respondents are entitled to a broad examination of the physician panel member at the trial *(see, Bernstein v Bodean,* 53 NY2d 520), where he can objectively explain his change of position, provided he does not serve as an expert for the respondents *(Monaghan v Yang,* 119 AD2d 813). This will place the panel's finding in proper perspective for the jury. Because the "recommendation of the medical malpractice mediation [panel] serves merely as guide to the jury" *(Treyball v Clark,* 65 NY2d 589, 590), there was no need for vacatur. Finally, we find no appearance of impropriety resulting from the fact that the physician member reconsidered his position *(cf., Scott v Brooklyn Hosp.,* 93 AD2d 577; *Seabrook v Good Samaritan Hosp.,* 75 AD2d 849; *De Camp v Good Samaritan Hosp.,* 66 AD2d 766). Thompson, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.