(July 30, 1990)

■ ANTHONY CALABRESE, an Infant, by His Father and Natural Guardian, PETER CALABRESE, Respondent, v LEONARD A. MONTALBANO, Appellant, et al., Defendants.—In a medical malpractice action, the defendant Montalbano appeals from an order of the Supreme Court, Queens County (Nahman, J.), dated September 1, 1988, which denied his motion to designate a general practitioner as an additional physician on a medical malpractice panel.

Ordered that the appeal is dismissed, without costs or disbursements.

An order denying a motion to designate a specific type of

practitioner as a panelist on a medical malpractice panel is not appealable as of right pursuant to CPLR 5701 *(see, Kletnieks v Brookhaven Mem. Assn.,* 53 AD2d 169, 174; 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 5701.16b). The legislative intent underlying Judiciary Law § 148-a was to provide an expeditious and informal resolution of malpractice litigation. To permit appeals as of right from orders of this kind would thwart the legislative intent *(see, Kletnieks v Brookhaven Mem. Assn., supra).* Furthermore, Judiciary Law § 148-a (8) permits counsel to explore the claimed underlying infirmities of nonbinding panel determinations at the trial of the action. Thus, an appeal from an order denying relief with respect to a medical malpractice panel is permitted only by leave upon a demonstration of good cause shown *(see, Sniedze v South Nassau Community Hosp.,* 147 AD2d 630; *Colligan v Sumner,* 112 AD2d 265; *Kletnieks v Brookhaven Mem. Assn., supra).* We find that the appellant has failed to sustain his burden of demonstrating "good cause" to warrant granting leave to appeal from the order in question *(see,* Judiciary Law § 148-a [6]; *Ceriello v Brunswick Hosp. Center,* 157 AD2d 701, citing *Bernstein v Bodean,* 53 NY2d 520, 528-529; *Kletnieks v Brookhaven Mem. Assn., supra).* Bracken, J. P., Kunzeman, Eiber and O'Brien, JJ., concur.