■ PAMELA ROTH, Appellant, v RICHARD J. SCHNEIDER et al., Respondents.—In an action to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Ruskin, J.), entered December 1, 1989, which, upon a jury verdict, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff contends that the trial court improperly curtailed her direct examination of the attorney member of a medical malpractice panel which had made a unanimous finding of no liability. We disagree. Pursuant to Judiciary Law former § 148-a, the doctor or attorney member of a medical malpractice panel may be examined "as to any matter which may reasonably assist the triers of fact in judging the significance and probative worth properly to be accorded the panel's recommendation" (Bernstein v Bodean, 53 NY2d 520, 528; see, Monaghan v Yang, 119 AD2d 813). However, "as is true with respect to the examination of all witnesses, the scope and manner of interrogation are committed to the Trial Judge in the exercise of his responsibility to supervise and to oversee the conduct of the trial" (Bernstein v Bodean, supra, at 529).

We find that the trial court did not improvidently exercise its discretion in precluding questioning concerning the attorney panel member's medical knowledge of the plaintiff's injuries. In this regard, we note that the role of the panel doctor is to give the panel's nonmedical members the benefit of his or her medical expertise *(see, Kletnieks v Brookhaven Mem. Assn.,* 53 AD2d 169, 175), and the attorney member's alleged lack of medical knowledge was not relevant to his own qualifications to serve on the panel.

Furthermore, the plaintiff had a full opportunity to examine the attorney panel member on his qualifications relative to his participation in the panel recommendation, and the defendant's cross-examination on this issue neither went beyond the bounds of the plaintiff's direct examination nor the limits set forth by the Court of Appeals in *Bernstein v Bodean (supra).* Moreover, the plaintiff's assertion that the attorney panel member was turned into an expert for the defense is not supported by the record *(see, Bernstein v Bodean, supra; see also, Ceriello v Brunswick Hosp. Center,* 157 AD2d 701).

We have examined the plaintiff's remaining contentions, and find that they are either unpreserved for appellate review or without merit. Bracken, J. P., Lawrence, Eiber and Santucci, JJ., concur.